Kevin **WILDERMUTH, Individually and as Parent and Next Friend of Stephen Wildermuth and as Heir and Death Beneficiary of Christopher Wildermuth; Jan Lapress, Individually and as Next Friend of Jennifer Mansell Ertl f/k/a Jennifer Mansell; Jennifer Mansell Ertl f/k/a Jennifer Mansell, Appellants,**

v.

**PARKER COUNTY, Texas, Appellee.**

No. 2–98–393–CV.

Court of Appeals of Texas, Fort Worth.

July 8, 1999.

---

Law Office of Stephen W. Mitchell, P.C., Stephen W. Mitchell, Hurst, for Appellant.

Blaies & Hightower, L.L.P., Gregory P. Blaies and Grant D. Blaies, Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

This summary judgment appeal requires us to decide whether small trees and brush along a county road in Parker County, Texas, constitutes a special defect under the Texas Tort Claims Act (the Act). We hold that such a condition is not a special defect under the facts of this case and will affirm.

## BACKGROUND

On July 14, 1994, Kevin Wildermuth was driving his pick-up truck southbound on Old Agnes Road, County Road 1009 in Parker County, Texas (the County), along with his passengers Christopher Wildermuth, Stephen Wildermuth, and Jennifer Mansell Ertl (collectively referred to as appellants). While rounding a curve, Kevin's truck collided head-on with a northbound pick-up truck driven by William Gene Pope traveling on the left side of the road. All of the occupants in Kevin's truck were injured. Christopher later died from his injuries.

Appellants brought a negligence and premises liability suit against the County alleging, among other things, that small trees and brush along the roadway obstructed both drivers' view as they rounded the curve and, thus, created an

unreasonably dangerous condition that constituted a special defect under the Act. Appellants allege that this defect was known to the County, that the County failed to exercise ordinary care to protect appellants from the danger, and that this failure caused the injuries and Christopher's death.

The County later moved for summary judgment on immunity grounds, asserting that the trees and brush were not a special defect as a matter of law. After a hearing, the trial court granted summary judgment in favor of the County.

## STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Calvillo v. Gonzalez*, 922 S.W.2d 928, 929 (Tex.1996); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex.1996); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *See Great Am.*, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *See City of Houston*, 589 S.W.2d at 678.

■ A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *See Friendswood Dev. Co.*, 926 S.W.2d at 282. To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996).

## DID THE SMALL TREES AND BRUSH INSIDE THE CURVE ON THE ROAD CONSTITUTE A SPECIAL DEFECT?

■ In their sole point on appeal, appellants argue that the County is not immune from suit because the small trees and brush along the inside of the curve where the accident occurred constituted a special premises defect under the Act.

■ Consideration of any tort claim against a governmental entity must begin with sovereign immunity. This immunity is waived under the Act, but only to the extent that liability is created by the Act. *See Dobbins v. Texas Turnpike Auth.*, 496 S.W.2d 744, 748 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.). Specifically, the Act provides that the State is liable for a "personal injury ... caused by a condition or use of ... real property if the governmental unit would, were it a private person, be liable to the claimant." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). The Act's section 101.022 goes on to limit liability when the claim involves a regular premises defect, but does not extend this liability protection to "special" premises defects:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets[.]

*Id.* § 101.022.

■■■ Whether a condition is a special defect is a question of law to be determined on a case-by-case basis. *See State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 238 (Tex.1992) (op. on reh'g). The Act defines a special defect as "obstructions on highways, roads, or streets." TEX. CIV. PRAC. & REM.CODE ANN. § 101.022(b). Courts have consistently interpreted the definition to require "an unexpected and unusual danger to ordinary users of roadways." *State v. Burris,* 877 S.W.2d 298, 299 (Tex.1994); *see, e.g., State Dep't of Highways & Pub. Transp. v. Kitchen,* 867 S.W.2d 784, 786 (Tex.1993). Furthermore, a special defect is one that is "distinguished by some unusual quality" or "being other than the usual." *State v. Williams,* 932 S.W.2d 546, 550 (Tex.App.— Tyler 1995), *writ denied,* 940 S.W.2d 583 (Tex.1996).

Viewing the summary judgment evidence in the light most favorable to the nonmovant, the evidence shows that the paved, traveled portion of the road where the accident occurred was 19 feet wide with no center stripe. The impact occurred in the middle of a gentle curve running north and south. On the east side of the curve (or inside the curve) there was an area on the right of way about 100 feet long containing small oak trees and brush that extended to within five feet of the edge of the road; however, none of the trees or brush extended into or obstructed travel on the road. No accident had occurred at this location prior to the accident in question, nor had the County received any complaints regarding the road condition from any prior users.

According to appellants' accident reconstruction expert, the trees and brush impeded Kevin's ability to see Pope's vehicle until they were approximately 360 feet apart. Assuming both drivers were traveling at the 45 mile per hour speed limit, the expert opined that Kevin had 2.7 seconds to react and maneuver to avoid the head-on collision with Pope. The expert, however, also stated that the American Association of State Highway Officials recommends that roadways provide at least 2.5 seconds for driver perception reaction time. Moreover, in his deposition, Kevin testified that he had slowed to 35 miles per hour before he entered the curve.

Under these facts, we hold that the small trees and brush growing inside the curve where the impact occurred were neither unexpected nor unusual and, thus, did not constitute a special defect as a matter of law. The trees and brush were open, obvious, and would be entirely predictable to an ordinary motorist traveling on a rural county road in Texas during the month of July. *See Sipes v. Texas Dep't of Transp.,* 949 S.W.2d 516, 521 (Tex.App.— Texarkana 1997, writ denied) (tall grass and weeds growing along Texas highway in July not unusual or unexpected when summer weather is conducive to the growth of such vegetation); *see also Kitchen,* 867 S.W.2d at 786 (road conditions that motorists can and should anticipate when weather is conducive to such a condition is "neither unexpected nor unusual, but rather, entirely predictable"). What Kevin tragically could not have predicted or expected was that an on-coming vehicle would be traveling on his side of the road when he rounded the curve. The trees and brush inside the curve may have possibly obscured Kevin's view, but that fact alone does not make the condition a special defect. *See Sipes,* 949 S.W.2d at 521; *see also Johnson v. Texas Dep't of Transp.,* 905 S.W.2d 394, 399 (Tex.App.—Austin 1995, no writ) (vegetation obscuring view

of stop sign did not constitute obstruction for purpose of establishing special defect).

## CONCLUSION

The trial court did not err in granting summary judgment. We, therefore, overrule appellants' sole point and affirm the judgment of the trial court.