TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00414-CV






Dennis Davis, Appellant


v.


Comal County Commissioners Court; Danny Scheel, County Judge; 

Donna Eccleston, Commissioner, Precinct 1; Jay Milikin, Commissioner, Precinct 2;
Gregory Parker, Commissioner, Precinct 3; and Jan Kennedy, Commissioner, Precinct 4;
Appellees






FROM THE DISTRICT COURT OF COMAL COUNTY, 433RD JUDICIAL DISTRICT

NO. C2010-1396D, HONORABLE WILLIAM C. KIRKENDALL, JUDGE PRESIDING (1)






M E M O R A N D U M O P I N I O N



 In this accelerated appeal from an order granting a plea to the jurisdiction,
Dennis Davis, acting pro se, asserts that governmental immunity does not bar his wrongful-death
suit against the Comal County Commissioners Court, County Judge Danny Scheel, and
County Commissioners Donna Eccleston, Jay Milikin, Gregory Parker, and Jan Kennedy (County).
See Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(8) (West Supp. 2011), 101.001-.109
(West 2011 & Supp. 2011) (Texas Tort Claims Act). Because we conclude the condition that
Davis alleged is neither a special defect nor a premise defect as a matter of law, we will affirm the
district court's order.

BACKGROUND



 Davis filed suit individually and on behalf of the estate of his daughter,
Rebecca Danielle Davis, who was tragically killed in a single-car collision in Comal County. His
petition states that she was passing a vehicle in a no-passing zone when she lost control of her
vehicle and struck a tree located off the roadway. (2) Davis contends that the County owned the tree
and that the County is liable for the tree's presence in the right-of-way. (3) Davis's petition did not
specifically assert that his claim against the County fell within any waiver of sovereign immunity.

 The County filed a plea to the jurisdiction that, in substance, challenges the
sufficiency of Davis's pleadings, specifically asserting that Davis has failed to plead any waiver of
immunity under the Texas Tort Claims Act and contending that it retained governmental immunity
because the existence of the tree on the roadside was neither a premise defect nor a special defect.
After a hearing, the district court granted the plea. Davis appeals that order.



ANALYSIS


 The State of Texas and its subdivisions generally retain sovereign immunity from
suit unless the Legislature waives that immunity in "clear and unambiguous language." Texas Dep't
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224-25 (Tex. 2004); see Tex. Gov't Code Ann.
§ 311.034 (West Supp. 2011). The State's sovereign immunity defeats a trial court's subject matter
jurisdiction unless the State expressly consents to suit. Harris Cnty. v. Sykes, 136 S.W.3d 635, 638
(Tex. 2004) (citing Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999)). Comal County
is a governmental unit protected in certain circumstances by the doctrine of governmental immunity,
which, like sovereign immunity, provides immunity to State subdivisions such as cities,
school districts, and counties. See Sykes, 136 S.W.3d at 638; Catalina Dev., Inc. v. County of
El Paso, 121 S.W.3d 704, 705 (Tex. 2003); see also Tex. Civ. Prac. & Rem. Code Ann.
§ 101.001(3)(A)-(B). Because governmental immunity from suit defeats a trial court's jurisdiction,
it may be asserted in a plea to the jurisdiction. Sykes, 136 S.W.3d at 638 (citing Miranda,
133 S.W.3d at 225-26). We review a trial court's order granting a plea to the jurisdiction de novo.
Presidio Indep. Sch. Dist. v. Scott, 309 S.W.3d 927, 929 (Tex. 2010).

 Plaintiffs have the burden of pleading facts that affirmatively demonstrate the
trial court's jurisdiction to hear the case. Heckman v. Williamson Cnty., No. 10-0671, 2012 Tex.
LEXIS 462, at *19 (Tex. June 8, 2012) (citing Miranda, 133 S.W.3d at 226). Our analysis of a plea
to the jurisdiction begins with the live pleadings, which we construe liberally in the plaintiff's favor,
taking all factual assertions as true and looking to the plaintiff's intent. Id. at *20 (citing Miranda,
133 S.W.3d at 226). 

 We interpret Davis's letter brief as presenting a single issue on appeal, arguing that
governmental immunity does not bar his wrongful-death suit against the County. Davis quotes
statutes in his appellate brief--including provisions on the liability of court officers (e.g., clerk
or sheriff) and a county's general authority over county roads and bridges--that do not waive
governmental immunity or provide a basis for imposing tort liability on the County. See Tex. Gov't
Code Ann. § 311.034 ("[A] statute shall not be construed as a waiver of sovereign immunity
unless the waiver is effected by clear and unambiguous language."). Davis's appellate brief also
asserts--for the first time--the applicability of sections 101.021 and 101.025 of the Texas Tort
Claims Act, which permit a limited waiver of governmental immunity when certain conditions
are met. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021 (permitting certain suits for property
damage, personal injury, and death), .025 (waiving immunity to extent of liability created by
chapter 101); Sykes, 136 S.W.3d at 638.

 Because Davis's petition complains of a tree located alongside a road--i.e., that a
condition of real property gave rise to harm--we construe his suit to allege a premise-defect claim
or special-defect claim. See Tex. Civ. Prac. & Rem. Code Ann. § 101.022; Miranda, 133 S.W.3d
at 229-30 (noting that pleading of injury due to falling tree limb constituted "an allegation of a
premises defect" because it was within definition of real property--land, and generally what is built,
growing on, or attached to land).


Limited waiver of governmental immunity

 The Texas Tort Claims Act provides a limited waiver of immunity for two categories
of claims that allege dangerous conditions of real property: "premise defects" and a subset of premise
defects known as "special defects." See Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a), (b);
University of Tex. at Austin v. Hayes, 327 S.W.3d 113, 115-16 (Tex. 2010) (per curiam); see also
Chambers v. Texas Dep't of Transp., No. 05-11-00519-CV, 2012 Tex. App. LEXIS 3857, at *8
(Tex. App.--Dallas May 16, 2012, no pet. h.) (mem. op.). "Premise defects" may be defined
generally as defects or dangerous conditions arising from conditions of a premises. City of Weston
v. Gaudette, 287 S.W.3d 832, 836 (Tex. App.--Dallas 2009, no pet.) (citing University of Tex. Med.
Branch v. Davidson, 882 S.W.2d 83, 85 (Tex. App.--Houston [14th Dist.] 1994, no writ)). "Special
defects" are, to risk stating the obvious, premise defects that are special, with examples given in the
statute of conditions "such as excavations or obstructions on highways, roads, or streets." Hayes,
327 S.W.3d at 116 (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b)).

 Under Texas law, whether the complained-of condition is classified as a premise
defect or a special defect controls the entrant's status, which in turn determines the duty of care
owed to the entrant by the governmental unit. See Tex. Civ. Prac. & Rem. Code Ann. § 101.022;
City of Dallas v. Reed, 258 S.W.3d 620, 622 (Tex. 2008); State Dep't of Highways & Pub. Transp.
v. Payne, 838 S.W.2d 235, 237 (Tex. 1992); City of Austin v. Rangel, 184 S.W.3d 377, 382-83
(Tex. App.--Austin 2006, no pet.). If the claim arises from a special defect, the governmental unit
owes the claimant the same duty of care that a private landowner would owe an invitee. See
Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b); Payne, 838 S.W.2d at 237. Under this standard,
the governmental unit must use ordinary care to reduce or eliminate an unreasonable risk of harm
which the governmental unit knew or should have known about. Payne, 838 S.W.2d at 237. If the
condition alleged is a premise defect, the governmental unit owes the claimant only the duty of care
that a private landowner would owe a licensee. See Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a);
Payne, 838 S.W.2d at 237. That duty would require the County here (1) not to injure the licensee
by willful, wanton, or grossly negligent conduct, and (2) to use ordinary care to warn of or make
reasonably safe a dangerous condition of which the County was aware and the licensee was not. See
Payne, 838 S.W.2d at 237. In contrasting a special defect from a premise defect, the Texas Supreme
Court has considered characteristics such as (1) the size of the condition, (2) whether the condition
unexpectedly and physically impairs a vehicle's ability to travel on the road, (3) whether the
condition presents some unusual quality apart from the ordinary course of events, and (4) whether
the condition presents an unexpected and unusual danger to the ordinary users of the roadway.
Hayes, 327 S.W.3d at 116.


Special defects

 We first consider whether the condition that Davis alleged constituted a
special defect, which is a question of law for the court to decide. See City of Grapevine v. Roberts,
946 S.W.3d 841, 843 (Tex. 1997) (per curiam) (citing Payne, 838 S.W.2d at 238). Although the
statute does not define "special defect," the Texas Supreme Court tells us that the class of special
defects contemplated by the statute is narrow. Hayes, 327 S.W.3d at 116. We are to categorize as
special defects those defects of the same kind or class as "excavations or obstructions on highways,
roads, or streets." Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b); Hayes, 327 S.W.3d at 116.
Special-defect jurisprudence turns on the objective expectations of an "ordinary user" who
follows the "normal course of travel." Hayes, 327 S.W.3d at 116 (citing Denton Cnty. v. Beynon,
283 S.W.3d 329, 331 (Tex. 2009)).

 In the instant case, the decedent did not take the normal course of travel, but rather
lost control of her vehicle and left the roadway while passing in a no-passing zone. The tree of
which Davis complains would not pose a threat to an ordinary user of the roadway because ordinary
users would not have lost control of their vehicles and left the roadway. See Hayes, 327 S.W.3d
at 116; Beynon, 283 S.W.3d at 332 (noting that ordinary users of roadway would not be expected to
leave paved roadway and travel into adjoining grass). Because the existence of a tree alongside the
road is not of the same kind or class as "excavations or obstructions on highways, roads, or streets"
and did not pose a threat to "ordinary users" in the manner that an excavation or obstruction blocking
the road would, it is not a special defect. See, e.g., Hayes, 327 S.W.3d at 116 (identifying
characteristics of special defects); Beynon, 283 S.W.3d at 331-32 (noting that ordinary users of
roadway in question would not be expected to leave paved roadway and travel into adjoining grass
and that condition cannot be classified as special defect unless it is similar to excavation or
obstruction); Anderson v. Anderson Cnty., 6 S.W.3d 612, 615-16 (Tex. App.--Tyler 1999,
pet. denied) (holding that vegetation overgrowth on county right-of-way covering stop sign was not
special defect); Wildermuth v. Parker Cnty., 1 S.W.3d 705, 708 (Tex. App.--Fort Worth 1999,
no pet.) (concluding that oak trees and brush in right of way that did not extend into road or
obstruct roadway travel and were open, obvious, and predictable to ordinary motorist did not
constitute special defect as matter of law); Sipes v. Texas Dep't of Transp., 949 S.W.2d 516, 521
(Tex. App.--Texarkana 1997, writ denied) (noting that grass and weeds growing along highway in
summertime did not pose unusual and unexpected danger to ordinary motorists); Johnson v. Texas
Dep't of Transp., 905 S.W.2d 394, 399 (Tex. App.--Austin 1995, no writ) (holding that obstructed
view of stop sign due to vegetation and trees was not obstruction on highway and was not special
defect); see also Toney v. Grayson Cnty., No. 05-95-00347-CV, 1996 Tex. App. LEXIS 4036, at *11
(Tex. App.--Dallas Aug. 27, 1996, writ denied) (op., not designated for publication) (rejecting
special-defect allegation based on county's failure to remove trees in shoulder adjacent to roadway
because presence of trees did not pose a threat to "ordinary users" of roadway and was neither
unexpected nor unusual).

 Here, Davis's pleadings affirmatively negate the existence of jurisdiction based on
a special defect. Davis's pleadings show that the complained-of tree was not akin to an excavation
or obstruction on the road, it did not pose a threat to "ordinary users" following the "normal course
of travel," nor was it a condition causing the vehicle to leave the road. See Beynon, 283 S.W.3d
at 332; cf. City of Corinth v. Gladys, 916 S.W.2d 618, 620-21 (Tex. App.--Fort Worth 1996,
no writ) (affirming trial court's denial of summary judgment in suit alleging that pothole causing
vehicle to lose control and hit tree was premise or special defect). The decedent only encountered
the tree after passing a vehicle in a no-passing zone, losing control of her vehicle, and leaving the
roadway. See Beynon, 283 S.W.3d at 332 (noting that ordinary users of roadway would not be
expected to leave paved roadway and travel into adjoining grass). Thus, even if Davis's petition had
pled a waiver of the County's governmental immunity, the facts that Davis alleged affirmatively
negate a special-defect claim, thus section 101.022(b) of the Texas Tort Claims Act does not waive
the County's immunity from suit.


Premise defects

 Because the tree of which Davis complains was not a special defect, Davis must
establish a premise defect to overcome governmental immunity. To establish a waiver of immunity
for a premise-defect claim under section 101.022(a), a claimant must show that the landowner failed
to either (1) use ordinary care to warn the licensee of a condition that presented an unreasonable
risk of harm of which the landowner is actually aware and the licensee is not, or (2) make the
condition reasonably safe. Hayes, 327 S.W.3d at 117. Here, Davis's pleadings affirmatively negate
the existence of jurisdiction based on a premise defect.

 The first element of a premise defect--common to both the premise-defect and
special-defect theories of liability--requires that the complained-of premises condition create an
unreasonable risk of harm. Payne, 838 S.W.2d at 237; City of Dallas v. Giraldo, 262 S.W.3d
864, 869 (Tex. App.--Dallas 2008, no pet.); Porter v. Grayson Cnty., 224 S.W.3d 855, 858
(Tex. App.--Dallas 2007, no pet.). "[A] condition is not unreasonably dangerous simply because
it is not foolproof. A condition is unreasonably dangerous if it presents an unreasonable risk of
harm." Brinson Ford, Inc. v. Alger, 228 S.W.3d 161, 163 (Tex. 2007) (citing Brookshire Grocery
Co. v. Taylor, 222 S.W.3d 406, 408 (Tex. 2006)). The existence of this tree alongside the road is
not, as a matter of law, a condition on the premises that posed an unreasonable risk of harm. See
H.E. Butt Grocery Co. v. Resendez, 988 S.W.2d 218, 219 (Tex. 1999) (per curiam) (concluding as
matter of law that mere existence of store's grape-sampling display, without more, was not evidence
of premises condition posing unreasonable risk of harm). Nothing about the tree itself--located
alongside a part of the roadway that was marked as a no-passing zone--presented an unreasonable
risk of harm. See Knorpp v. Hale, 981 S.W.2d 469, 474 (Tex. App.--Texarkana 1998, no pet.)
(concluding that tree itself was not a dangerous condition until decedent cut it); see also Moya
v. Goliad Cnty., No. 13-00-456-CV, 2002 Tex. App. LEXIS 3163, at *14 (Tex. App.--Corpus
Christi May 2, 2002, no pet.) (op., not designated for publication) (rejecting premise-defect claim
and noting that road in question was located in rural section of county, not in city center, "thus
a certain amount of grass and other vegetation along the side of the road is to be expected");
cf. Houston v. Glover, 355 S.W.2d 757, 759-60 (Tex. Civ. App.--Waco 1962, writ ref'd n. r. e.)
(affirming finding that tree located in middle of street in Houston, which drivers had to turn sharply
to avoid and which decedent hit while maintaining proper control of his car, was dangerous
condition). Because the facts that Davis alleged do not constitute an unreasonable risk of harm, he
has failed to establish a premise-defect claim.



CONCLUSION


 After reviewing this record, we conclude that the facts as pled in Davis's petition
affirmatively negate a special-defect claim or premise-defect claim against the County that
would waive immunity under section 101.022 of the Texas Tort Claims Act. See Heckman,
2012 Tex. LEXIS 462, at *19 (recognizing that plaintiffs have burden of affirmatively demonstrating
trial court's jurisdiction). Without such a waiver, the County retains governmental immunity from
Davis's suit, thus the district court correctly granted the County's plea to the jurisdiction. Having
overruled Davis's sole issue, we affirm the district court's order.


 

 Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: July 13, 2012
1. Judge William C. Kirkendall presided as the visiting judge by assignment after
Judge Charles Ramsay's voluntary recusal.
2. The record contains no other description of the tree's location or its distance from
the roadway except Davis's argument at the hearing on the plea to the jurisdiction that "[a] tree
18 inches in diameter, 14 inches off the shoulder of the road, is not maintaining a right of way."
3. Davis's petition named the County Judge and County Commissioners as defendants
but made no allegations against them. By suing both the County and its employees, Davis has
effectively chosen to sue the County. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e)
(West 2011); Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 657 (Tex. 2008).