# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00414-CV

**Dennis Davis, Appellant**

**v.**

**Comal County Commissioners Court; Danny Scheel, County Judge;
Donna Eccleston, Commissioner, Precinct 1; Jay Milikin, Commissioner, Precinct 2;
Gregory Parker, Commissioner, Precinct 3; and Jan Kennedy, Commissioner, Precinct 4;
Appellees**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 433RD JUDICIAL DISTRICT
### NO. C2010-1396D, HONORABLE WILLIAM C. KIRKENDALL, JUDGE PRESIDING[1]

## M E M O R A N D U M   O P I N I O N

In this accelerated appeal from an order granting a plea to the jurisdiction, Dennis Davis, acting pro se, asserts that governmental immunity does not bar his wrongful-death suit against the Comal County Commissioners Court, County Judge Danny Scheel, and County Commissioners Donna Eccleston, Jay Milikin, Gregory Parker, and Jan Kennedy (County). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(8) (West Supp. 2011), 101.001-.109 (West 2011 & Supp. 2011) (Texas Tort Claims Act). Because we conclude the condition that Davis alleged is neither a special defect nor a premise defect as a matter of law, we will affirm the district court's order.

---

[1] Judge William C. Kirkendall presided as the visiting judge by assignment after Judge Charles Ramsay's voluntary recusal.

**BACKGROUND**

Davis filed suit individually and on behalf of the estate of his daughter, Rebecca Danielle Davis, who was tragically killed in a single-car collision in Comal County. His petition states that she was passing a vehicle in a no-passing zone when she lost control of her vehicle and struck a tree located off the roadway.[2] Davis contends that the County owned the tree and that the County is liable for the tree's presence in the right-of-way.[3] Davis's petition did not specifically assert that his claim against the County fell within any waiver of sovereign immunity.

The County filed a plea to the jurisdiction that, in substance, challenges the sufficiency of Davis's pleadings, specifically asserting that Davis has failed to plead any waiver of immunity under the Texas Tort Claims Act and contending that it retained governmental immunity because the existence of the tree on the roadside was neither a premise defect nor a special defect. After a hearing, the district court granted the plea. Davis appeals that order.

**ANALYSIS**

The State of Texas and its subdivisions generally retain sovereign immunity from suit unless the Legislature waives that immunity in "clear and unambiguous language." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224-25 (Tex. 2004); *see* Tex. Gov't Code Ann.

---

[2] The record contains no other description of the tree's location or its distance from the roadway except Davis's argument at the hearing on the plea to the jurisdiction that "[a] tree 18 inches in diameter, 14 inches off the shoulder of the road, is not maintaining a right of way."

[3] Davis's petition named the County Judge and County Commissioners as defendants but made no allegations against them. By suing both the County and its employees, Davis has effectively chosen to sue the County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2011); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008).

§ 311.034 (West Supp. 2011). The State's sovereign immunity defeats a trial court's subject matter jurisdiction unless the State expressly consents to suit. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (citing *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). Comal County is a governmental unit protected in certain circumstances by the doctrine of governmental immunity, which, like sovereign immunity, provides immunity to State subdivisions such as cities, school districts, and counties. *See Sykes*, 136 S.W.3d at 638; *Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 705 (Tex. 2003); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(A)-(B). Because governmental immunity from suit defeats a trial court's jurisdiction, it may be asserted in a plea to the jurisdiction. *Sykes*, 136 S.W.3d at 638 (citing *Miranda*, 133 S.W.3d at 225-26). We review a trial court's order granting a plea to the jurisdiction de novo. *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010).

Plaintiffs have the burden of pleading facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Heckman v. Williamson Cnty.*, No. 10-0671, 2012 Tex. LEXIS 462, at *19 (Tex. June 8, 2012) (citing *Miranda*, 133 S.W.3d at 226). Our analysis of a plea to the jurisdiction begins with the live pleadings, which we construe liberally in the plaintiff's favor, taking all factual assertions as true and looking to the plaintiff's intent. *Id*. at *20 (citing *Miranda*, 133 S.W.3d at 226).

We interpret Davis's letter brief as presenting a single issue on appeal, arguing that governmental immunity does not bar his wrongful-death suit against the County. Davis quotes statutes in his appellate brief—including provisions on the liability of court officers (e.g., clerk or sheriff) and a county's general authority over county roads and bridges—that do not waive

3

governmental immunity or provide a basis for imposing tort liability on the County. *See* Tex. Gov't Code Ann. § 311.034 ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."). Davis's appellate brief also asserts—for the first time—the applicability of sections 101.021 and 101.025 of the Texas Tort Claims Act, which permit a limited waiver of governmental immunity when certain conditions are met. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021 (permitting certain suits for property damage, personal injury, and death), .025 (waiving immunity to extent of liability created by chapter 101); *Sykes*, 136 S.W.3d at 638.

Because Davis's petition complains of a tree located alongside a road—i.e., that a condition of real property gave rise to harm—we construe his suit to allege a premise-defect claim or special-defect claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022; *Miranda*, 133 S.W.3d at 229-30 (noting that pleading of injury due to falling tree limb constituted "an allegation of a premises defect" because it was within definition of real property—land, and generally what is built, growing on, or attached to land).

**Limited waiver of governmental immunity**

The Texas Tort Claims Act provides a limited waiver of immunity for two categories of claims that allege dangerous conditions of real property: "premise defects" and a subset of premise defects known as "special defects." *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a), (b); *University of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 115-16 (Tex. 2010) (per curiam); *see also Chambers v. Texas Dep't of Transp.*, No. 05-11-00519-CV, 2012 Tex. App. LEXIS 3857, at *8 (Tex. App.—Dallas May 16, 2012, no pet. h.) (mem. op.). "Premise defects" may be defined

4

generally as defects or dangerous conditions arising from conditions of a premises. *City of Weston v. Gaudette*, 287 S.W.3d 832, 836 (Tex. App.—Dallas 2009, no pet.) (citing *University of Tex. Med. Branch v. Davidson*, 882 S.W.2d 83, 85 (Tex. App.—Houston [14th Dist.] 1994, no writ)). "Special defects" are, to risk stating the obvious, premise defects that are special, with examples given in the statute of conditions "such as excavations or obstructions on highways, roads, or streets." *Hayes*, 327 S.W.3d at 116 (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b)).

Under Texas law, whether the complained-of condition is classified as a premise defect or a special defect controls the entrant's status, which in turn determines the duty of care owed to the entrant by the governmental unit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022; *City of Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex. 2008); *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992); *City of Austin v. Rangel*, 184 S.W.3d 377, 382-83 (Tex. App.—Austin 2006, no pet.). If the claim arises from a special defect, the governmental unit owes the claimant the same duty of care that a private landowner would owe an invitee. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b); *Payne*, 838 S.W.2d at 237. Under this standard, the governmental unit must use ordinary care to reduce or eliminate an unreasonable risk of harm which the governmental unit knew or should have known about. *Payne*, 838 S.W.2d at 237. If the condition alleged is a premise defect, the governmental unit owes the claimant only the duty of care that a private landowner would owe a licensee. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a); *Payne*, 838 S.W.2d at 237. That duty would require the County here (1) not to injure the licensee by willful, wanton, or grossly negligent conduct, and (2) to use ordinary care to warn of or make reasonably safe a dangerous condition of which the County was aware and the licensee was not. *See*

5

*Payne*, 838 S.W.2d at 237. In contrasting a special defect from a premise defect, the Texas Supreme Court has considered characteristics such as (1) the size of the condition, (2) whether the condition unexpectedly and physically impairs a vehicle's ability to travel on the road, (3) whether the condition presents some unusual quality apart from the ordinary course of events, and (4) whether the condition presents an unexpected and unusual danger to the ordinary users of the roadway. *Hayes*, 327 S.W.3d at 116.

**Special defects**

We first consider whether the condition that Davis alleged constituted a special defect, which is a question of law for the court to decide. *See City of Grapevine v. Roberts*, 946 S.W.3d 841, 843 (Tex. 1997) (per curiam) (citing *Payne*, 838 S.W.2d at 238). Although the statute does not define "special defect," the Texas Supreme Court tells us that the class of special defects contemplated by the statute is narrow. *Hayes*, 327 S.W.3d at 116. We are to categorize as special defects those defects of the same kind or class as "excavations or obstructions on highways, roads, or streets." Tex. Civ. Prac. & Rem. Code Ann. § 101.022(b); *Hayes*, 327 S.W.3d at 116. Special-defect jurisprudence turns on the objective expectations of an "ordinary user" who follows the "normal course of travel." *Hayes*, 327 S.W.3d at 116 (citing *Denton Cnty. v. Beynon*, 283 S.W.3d 329, 331 (Tex. 2009)).

In the instant case, the decedent did not take the normal course of travel, but rather lost control of her vehicle and left the roadway while passing in a no-passing zone. The tree of which Davis complains would not pose a threat to an ordinary user of the roadway because ordinary users would not have lost control of their vehicles and left the roadway. *See Hayes*, 327 S.W.3d

6

at 116; *Beynon*, 283 S.W.3d at 332 (noting that ordinary users of roadway would not be expected to leave paved roadway and travel into adjoining grass).  Because the existence of a tree alongside the road is not of the same kind or class as "excavations or obstructions on highways, roads, or streets" and did not pose a threat to "ordinary users" in the manner that an excavation or obstruction blocking the road would, it is not a special defect.  *See, e.g.*, *Hayes*, 327 S.W.3d at 116 (identifying characteristics of special defects); *Beynon*, 283 S.W.3d at 331-32 (noting that ordinary users of roadway in question would not be expected to leave paved roadway and travel into adjoining grass and that condition cannot be classified as special defect unless it is similar to excavation or obstruction); *Anderson v. Anderson Cnty*., 6 S.W.3d 612, 615-16 (Tex. App.—Tyler 1999, pet. denied) (holding that vegetation overgrowth on county right-of-way covering stop sign was not special defect); *Wildermuth v. Parker Cnty*., 1 S.W.3d 705, 708 (Tex. App.—Fort Worth 1999, no pet.) (concluding that oak trees and brush in right of way that did not extend into road or obstruct roadway travel and were open, obvious, and predictable to ordinary motorist did not constitute special defect as matter of law); *Sipes v. Texas Dep't of Transp*., 949 S.W.2d 516, 521 (Tex. App.—Texarkana 1997, writ denied) (noting that grass and weeds growing along highway in summertime did not pose unusual and unexpected danger to ordinary motorists); *Johnson v. Texas Dep't of Transp*., 905 S.W.2d 394, 399 (Tex. App.—Austin 1995, no writ) (holding that obstructed view of stop sign due to vegetation and trees was not obstruction on highway and was not special defect); *see also Toney v. Grayson Cnty*., No. 05-95-00347-CV, 1996 Tex. App. LEXIS 4036, at *11 (Tex. App.—Dallas Aug. 27, 1996, writ denied) (op., not designated for publication) (rejecting special-defect allegation based on county's failure to remove trees in shoulder adjacent to roadway

because presence of trees did not pose a threat to "ordinary users" of roadway and was neither unexpected nor unusual).

Here, Davis's pleadings affirmatively negate the existence of jurisdiction based on a special defect. Davis's pleadings show that the complained-of tree was not akin to an excavation or obstruction on the road, it did not pose a threat to "ordinary users" following the "normal course of travel," nor was it a condition causing the vehicle to leave the road. *See Beynon*, 283 S.W.3d at 332; *cf. City of Corinth v. Gladys*, 916 S.W.2d 618, 620-21 (Tex. App.—Fort Worth 1996, no writ) (affirming trial court's denial of summary judgment in suit alleging that pothole causing vehicle to lose control and hit tree was premise or special defect). The decedent only encountered the tree after passing a vehicle in a no-passing zone, losing control of her vehicle, and leaving the roadway. *See Beynon*, 283 S.W.3d at 332 (noting that ordinary users of roadway would not be expected to leave paved roadway and travel into adjoining grass). Thus, even if Davis's petition had pled a waiver of the County's governmental immunity, the facts that Davis alleged affirmatively negate a special-defect claim, thus section 101.022(b) of the Texas Tort Claims Act does not waive the County's immunity from suit.

**Premise defects**

Because the tree of which Davis complains was not a special defect, Davis must establish a premise defect to overcome governmental immunity. To establish a waiver of immunity for a premise-defect claim under section 101.022(a), a claimant must show that the landowner failed to either (1) use ordinary care to warn the licensee of a condition that presented an unreasonable risk of harm of which the landowner is actually aware and the licensee is not, or (2) make the

condition reasonably safe. *Hayes*, 327 S.W.3d at 117. Here, Davis's pleadings affirmatively negate the existence of jurisdiction based on a premise defect.

The first element of a premise defect—common to both the premise-defect and special-defect theories of liability—requires that the complained-of premises condition create an unreasonable risk of harm. *Payne*, 838 S.W.2d at 237; *City of Dallas v. Giraldo*, 262 S.W.3d 864, 869 (Tex. App.—Dallas 2008, no pet.); *Porter v. Grayson Cnty.*, 224 S.W.3d 855, 858 (Tex. App.—Dallas 2007, no pet.). "[A] condition is not unreasonably dangerous simply because it is not foolproof. A condition is unreasonably dangerous if it presents an unreasonable risk of harm." *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex. 2007) (citing *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006)). The existence of this tree alongside the road is not, as a matter of law, a condition on the premises that posed an unreasonable risk of harm. *See H.E. Butt Grocery Co. v. Resendez*, 988 S.W.2d 218, 219 (Tex. 1999) (per curiam) (concluding as matter of law that mere existence of store's grape-sampling display, without more, was not evidence of premises condition posing unreasonable risk of harm). Nothing about the tree itself—located alongside a part of the roadway that was marked as a no-passing zone—presented an unreasonable risk of harm. *See Knorpp v. Hale*, 981 S.W.2d 469, 474 (Tex. App.—Texarkana 1998, no pet.) (concluding that tree itself was not a dangerous condition until decedent cut it); *see also Moya v. Goliad Cnty.*, No. 13-00-456-CV, 2002 Tex. App. LEXIS 3163, at *14 (Tex. App.—Corpus Christi May 2, 2002, no pet.) (op., not designated for publication) (rejecting premise-defect claim and noting that road in question was located in rural section of county, not in city center, "thus a certain amount of grass and other vegetation along the side of the road is to be expected");

9

*cf. Houston v. Glover*, 355 S.W.2d 757, 759-60 (Tex. Civ. App.—Waco 1962, writ ref'd n. r. e.) (affirming finding that tree located in middle of street in Houston, which drivers had to turn sharply to avoid and which decedent hit while maintaining proper control of his car, was dangerous condition). Because the facts that Davis alleged do not constitute an unreasonable risk of harm, he has failed to establish a premise-defect claim.

### CONCLUSION

After reviewing this record, we conclude that the facts as pled in Davis's petition affirmatively negate a special-defect claim or premise-defect claim against the County that would waive immunity under section 101.022 of the Texas Tort Claims Act. *See Heckman*, 2012 Tex. LEXIS 462, at \*19 (recognizing that plaintiffs have burden of affirmatively demonstrating trial court's jurisdiction). Without such a waiver, the County retains governmental immunity from Davis's suit, thus the district court correctly granted the County's plea to the jurisdiction. Having overruled Davis's sole issue, we affirm the district court's order.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: July 13, 2012

10