Opinion by: Rebeca C. Martinez, Justice
The City of San Antonio appeals from an interlocutory order denying its plea to the jurisdiction. Because we believe a fact issue exists as to whether the City received actual notice of the plaintiff's claims against it, we affirm the trial court's order and remand for further proceedings.
BACKGROUND
On September 21, 2012, officers from the San Antonio Police Department (SAPD) responded to a home invasion. The suspect, Benito Garza, fled the scene in a car and was pursued by SAPD at a high rate of speed. The chase was suspended when Garza entered the exit ramp of Interstate Loop 410 traveling the wrong direction into oncoming traffic. See Garza v. State, No. 04-14-00682-CR, 2015 WL 4643738, at *1 (Tex.App.-San Antonio Aug. 5, 2015, no pet.) (mem. op., not designated for publication). Approximately one minute after he entered the freeway, *634 Garza ran head-on into a motorcycle carrying Pedro and Roxana Tenorio. Pedro was killed on impact and Roxana was severely injured.
Roxana Tenorio, individually and on behalf of Pedro, brought suit against the City under the Texas Tort Claims Act, alleging the SAPD officers were negligent in initiating and continuing the high speed chase and in failing to terminate the high speed chase. The City filed a plea to the jurisdiction in which it asserted that Tenorio failed to provide the requisite notice of her claims within six months as required by section 101.101(a) of the Texas Civil Practice and Remedies Code or within ninety days as required under Article XII, Section 150 of the City of San Antonio Charter. In response, Tenorio did not deny that she had not provided formal notice, but instead argued that the City had actual notice of her claims as a result of the Texas Peace Officer's Crash Report prepared by SAPD after the accident; a number of written witness statements; and the SAPD Incident Report.
After a hearing, the trial court denied the City's plea to the jurisdiction, and the City pursued this interlocutory appeal.
STANDARD OF REVIEW
A plea to the jurisdiction challenges a trial court's subject matter jurisdiction. City of Dallas v. Carbajal, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam). The purpose of a plea to the jurisdiction is not to force the plaintiff to preview her case, but to establish a reason why the merits of the plaintiff's claim should never be reached. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). We review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. Carbajal, 324 S.W.3d at 538.
When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must review the relevant evidence to determine whether a fact issue exists. The Univ. of Tex. at Austin v. Hayes, 327 S.W.3d 113, 116 (Tex. 2010) (per curiam). The plaintiff bears the burden to allege facts demonstrating jurisdiction, and the trial court construes the pleadings liberally in the plaintiff's favor. Id. If the evidence raises a fact question on jurisdiction, the trial court cannot grant the plea, and the issue must be resolved by the trier of fact. Id. On the other hand, if the evidence is undisputed or fails to raise a fact question, the trial court must rule on the plea as a matter of law. Id. Just as we would in a summary judgment context, when considering this evidence, we "take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." City of Waco v. Kirwan, 298 S.W.3d 618, 622 (Tex. 2009) (citing Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004) ).
DISCUSSION
"Absent a valid statutory or constitutional waiver, trial courts lack subject-matter jurisdiction to adjudicate lawsuits against municipalities." Suarez v. City of Texas City, 465 S.W.3d 623, 631-32 (Tex. 2015) (citing City of Watauga v. Gordon, 434 S.W.3d 586, 589 (Tex. 2014) ; Miranda, 133 S.W.3d at 224 ; Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999) ). Under the Texas Tort Claims Act (TTCA), the legislature has clearly and unambiguously waived governmental immunity from liability and from suit for certain tort claims arising out of its governmental functions, as specified in the statute. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021 -.029 (West 2011 & Supp. 2015). As a prerequisite to bringing suit against a governmental unit under the TTCA, a claimant is required to abide by the notice *635 requirements set out in section 101.101 of the Texas Civil Practice and Remedies Code. Id. § 101.101 (West 2011). "[T]he purpose of the notice requirement in section 101.101 is 'to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial.' " Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser, 140 S.W.3d 351, 360 (Tex. 2004) (quoting Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam)). The failure to comply with the notice requirements deprives the trial court of jurisdiction. TEX. GOV'T CODE ANN. § 311.034 (West 2013).
Section 101.101 of the TTCA provides in pertinent part:
(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
(1) the damage or injury claimed;
(2) the time and place of the incident; and
(3) the incident.
(b) A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved.[1]
(c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.
TEX. CIV. PRAC. & REM. CODE ANN. § 101.101.
It is undisputed that Tenorio failed to provide the City with formal, written notice of her claims against it pursuant to either subsection (a) or (b). See id. § 101.101(a), (b). Tenorio asserts, however, that the City received actual notice of her claims. See id. § 101.101(c). In Cathey, the Texas Supreme Court explained that a governmental unit has actual notice of a claim when it has "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." Cathey, 900 S.W.2d at 341. In Simons, the court subsequently clarified its interpretation of the "knowledge of alleged fault" requirement for actual notice:
What we intended in Cathey by the second requirement for actual notice was that a governmental unit have knowledge that amounts to the same notice to which it is entitled by section 101.101(a). That includes subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury .... It is not enough that a governmental unit should have investigated an incident as a prudent person would have, or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might have been at fault. If a governmental unit is not subjectively aware of its fault, it does not have the same incentive to gather information that the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault.
Tex. Dep't of Criminal Justice v. Simons, 140 S.W.3d 338, 347-48 (Tex. 2004) (emphasis *636 added). In enacting subsection (c), the Legislature chose to provide an alternative method of providing notice, even though this makes determining compliance with section 101.101"somewhat less certain." Id. at 348. Whether a governmental unit has actual notice is a fact question when the evidence is disputed, but may be determined as a matter of law where the evidence is insufficient to raise a fact issue. Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia, 324 S.W.3d 544, 549 (Tex. 2010) ; Simons, 140 S.W.3d at 348. "Fault, as it pertains to actual notice, is not synonymous with liability; rather, it implies responsibility for the injury claimed." Estate of Arancibia, 324 S.W.3d at 550.
The City contends the mere fact that SAPD investigated the accident is insufficient to provide the City with actual notice. The Texas Supreme Court made clear in City of Dallas v. Carbajal that investigation alone will not put a governmental entity on notice that it may be sued. 324 S.W.3d at 538-39. The court, however, "did not establish a bright-line rule stating that a routine safety investigation will never provide a governmental unit with actual notice of its fault." Ortiz-Guevara v. City of Houston, No. 14-13-00384-CV, 2014 WL 1618371, at *3 (Tex.App.-Houston [14th Dist.] Apr. 22, 2014, no pet.) (mem.op.). Rather, the court held that the evidence was lacking in that case because the police report did not say who failed to erect or maintain the barricades at issue,[2] and therefore the report failed to provide the City "with subjective awareness of fault because [the report] did not even imply, let alone expressly state, that the City was at fault." Carbajal, 324 S.W.3d at 539. Thus, we must consider the evidence in the record before us in the light most favorable to Tenorio to determine what facts the investigation performed in this case revealed to the City.
Among the evidence attached to the City's plea to the jurisdiction was (1) the Texas Peace Officer's Crash Report; (2) the written statements of ten witnesses and police officers; and (3) the SAPD Offense Report concerning the accident. Tenorio attached the following evidence to her amended response to the plea to the jurisdiction: (1) San Antonio Police Department Procedures; (2) SAPD Pursuit Evaluation Report; and (3) the deposition of SAPD Deputy Chief Roy Waldheim. The City argues that none of the evidence in the record alleges that the City, or any employee of the City, caused the accident, was at fault, did anything wrong, or was in any way culpable, and thus, the City did not have actual notice of Tenorio's claims. We must be careful, however, not to overstate the plaintiff's burden at this juncture. The determination to be made at this preliminary stage of the proceedings is not whether there is evidence in the record showing that SAPD negligently initiated the pursuit or negligently failed to terminate the pursuit, but rather, whether there is evidence raising a fact issue as to whether SAPD was subjectively aware that it played a role in producing or contributing to Roxana's and Pedro's injuries. See Simons, 140 S.W.3d at 347-48. Applying this standard, we conclude the evidence in this case raises a fact issue as to whether the City was subjectively aware of its responsibility, as alleged by Tenorio, for the injuries suffered by Pedro and Roxana.
The SAPD Pursuit Evaluation Report was prepared on October 3, 2012, thirty-one days after the accident. Included in the report is the Texas Peace Officer's Crash Report. The report is dated September *637 21, 2012, the same date as the accident. Box No. 36 of the crash report is titled "Contributing Factors (Investigator's Opinion)." The investigating officer opined that a factor and condition "contributing" to the crash was Garza's "Fleeing or Evading Police." Absent this finding in the report, the case before us might be similar to Muniz v. Cameron Cnty., No. 13-10-00689-CV, 2012 WL 1656326 (Tex.App.-Corpus Christi May 10, 2012, pet. denied) (mem.op.). In Muniz, a police officer was pursuing a pickup truck traveling at a high rate of speed when the truck veered into oncoming traffic and struck another vehicle, killing the occupant. Id. at *1. In the police report, the investigating officer determined that the driver of the pickup truck-who was driving under the influence of multiple drugs at the time of the accident-was solely responsible for the accident and consequently, the death of the occupant of the vehicle. Id. at *2. The family of the deceased filed a lawsuit against the County alleging that the deputy initiated and continued a reckless, high-speed pursuit and caused the collision by bumping the pickup truck into oncoming traffic. Id. In response, the County filed a plea to the jurisdiction asserting that it had not been provided with the requisite notice under section 101.101(c). Id. The Thirteenth Court of Appeals affirmed the trial court's granting of the plea to the jurisdiction, holding that nothing in the police report or dispatch log suggested that the deputy caused the collision as alleged, and thus the County was not placed on notice that appellants would seek to hold it responsible for the fatal collision. Id. at *6.
Unlike Muniz, we are presented with a police report that specifically notes that Garza's fleeing or evading police was a factor contributing to the fatal collision. It stands to reason that there can be no fleeing or evading without pursuit or chase by the police. Hence, the evidence indicates that SAPD's active pursuit was a factor contributing to Garza's entering the freeway in the wrong direction and his head-on collision with the Tenorios within a minute of entering the freeway. The crash report need not indicate that SAPD acted unreasonably, but must only provide a "subjective signal" to the City within the 90-day period required by the City's charter "that there might be a claim, even if unfounded, at issue." Univ. of Tex. Health Sci. Ctr. at Houston v. McQueen, 431 S.W.3d 750, 761 (Tex.App.-Houston [14th Dist.] 2014, no pet.). Subjective awareness of fault is not implied anytime there is a high speed pursuit that results in an accident. We hold only that the crash report in this record specifically indicating that "Fleeing or Evading Police" was a factor contributing to the accident raises a fact issue as to whether the City was aware of its role in contributing to the claimed injuries.
As noted earlier, the purpose of the notice requirement is to enable governmental units to investigate and address potential claims appropriately, and that purpose is satisfied by the City's knowledge that police evasion contributed to the collision at issue. See Estate of Arancibia, 324 S.W.3d at 550. Section 101.101 does not require an "unqualified confession of fault." Id. Nor does it require complete and exclusive liability. Ortiz-Guevara, 2014 WL 1618371, at *4. Here, the crash report includes information about (1) the time, date, place, and circumstances of the accident; (2) the fact that Garza entered the freeway driving the wrong direction in response to police pursuit, and the accident occurred one minute after Garza entered the freeway in response to police pursuit; and (3) the identity of the parties, and the fact that Pedro was killed and *638 Roxana was severely injured. Viewing the evidence in the light most favorable to Tenorio, as we must, we conclude the investigating officer's listing of "Fleeing or Evading Police" as a factor contributing to the accident in her report raises a fact issue as to whether the City had subjective awareness of its fault, as alleged by Tenorio, in contributing to the claimed injuries. Given that a fact issue exists regarding whether the City received actual notice of Tenorio's claims against it, the trial court did not err in denying the City's plea to the jurisdiction. See Simons, 140 S.W.3d at 348 ; Miranda, 133 S.W.3d at 228. Accordingly, we affirm the trial court's order denying the City's plea to the jurisdiction and remand for further proceedings.
Dissenting Opinion by: Jason Pulliam, Justice

Article XII, Section 150 of the City of San Antonio Charter requires that notice of an injury be provided to the city manager or city clerk in writing within ninety days after the injury has been sustained.

It was later determined that the Texas Department of Transportation, not the City, was at fault in failing to erect or maintain the barricades. Carbajal, 324 S.W.3d at 539.