THE UNIVERSITY OF TEXAS AT AUSTIN, Petitioner,

v.

Robert HAYES, Respondent.

No. 09–0300.

Supreme Court of Texas.

Dec. 3, 2010.

---

Michael P. Murphy, Asst. Solicitor General, Matthew Jason Warner, Asst. Attorney General, James C. Ho, Solicitor General of Texas, David S. Morales, Office of the Attorney General of Texas, Deputy First Assistant Attorney General, Clarence Andrew Weber, Kelly Hart & Hallman LLP, Attorney General Greg W. Abbott, Attorney General of Texas, Candice Nicole Hance, Texas Attorney General, Austin, TX, for Petitioner.

Earl Landers Vickery, Law Office of Lanny Vickery, Austin, TX, for Respondent.

PER CURIAM.

In this premises-liability suit, the plaintiff claims that a metal chain blocking a driveway at the University of Texas at Austin (the University) caused him to have a bicycle accident and constituted a premises defect for which the Texas Tort Claims Act waives sovereign immunity. *See* TEX. CIV. PRAC. & REM.CODE § 101.022(a), (b). Because we conclude that the condition of the location was not a special defect as a matter of law and that the plaintiff failed to establish a premises-defect element, we reverse the court of appeals' judgment and dismiss the case for lack of jurisdiction.

On September 12, 2003, the University began to close campus areas to configure parking for the next day's football game. As part of its preparation, the University closed a service driveway that ran behind the Alumni Center and connected Winship Circle to Gregory Gymnasium. To prevent vehicle access on the service driveway, the University placed an eight-foot-wide orange and white barricade in front of a metal chain that stretched across the entrance.

Around 8:30 that evening, Robert Hayes rode his bicycle, with a headlamp and reflectors, onto the University campus. Hayes pedaled past a University security station, continued south on San Jacinto Boulevard, and then turned right into Winship Circle. He proceeded toward the service driveway and admits that he "saw a barricade placed in the middle of the road ... [and] without braking, without slowing down significantly, ... veered to the left-hand side of that barricade and then was stopped short by the chain." He struck the chain and suffered injuries as a result.

Hayes sued the University, alleging the chain was a defect of which the University failed to warn. The University filed a plea to the jurisdiction, arguing that Hayes's allegations failed to state claims that establish a waiver of sovereign immunity under the Texas Tort Claims Act. The trial court denied the University's amended plea to the jurisdiction and granted Hayes's motion for partial summary judgment, concluding the University's sovereign immunity had been waived. The University filed an interlocutory appeal, *id.* § 51.014(a)(8), and a divided court of appeals affirmed. *University of Texas at Austin v. Robert Hayes*, 279 S.W.3d 877, 892 (Tex.App.-Austin 2009). We have jurisdiction over this interlocutory appeal because there is a dissent in the court of appeals. TEX. GOV'T CODE § 22.225(c).

■ In general, the State of Texas retains sovereign immunity from suit, *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex.2004), and can only be sued if the Legislature waives immunity in "clear and unambiguous language," TEX. GOV'T CODE § 311.034. However, the Texas Tort Claims Act provides a limited immunity waiver for tort claims arising from

either premises defects or special defects. TEX. CIV. PRAC. & REM.CODE § 101.022(a), (b). The Act applies different standards of care depending upon whether the condition was a premises defect, *id.* § 101.022(a) (same duty as licensee), or a special defect, *id.* § 101.022(b) (same duty as invitee).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must review the relevant evidence to determine whether a fact issue exists. *Miranda*, 133 S.W.3d at 226. The plaintiff bears the burden to allege facts demonstrating jurisdiction, and we construe the pleadings liberally in the plaintiff's favor. *Id.* If the evidence raises a fact question on jurisdiction, the trial court cannot grant the plea, and the issue must be resolved by the trier of fact. *Id.* at 227–28. On the other hand, if the evidence is undisputed or fails to raise a fact question, the trial court must rule on the plea as a matter of law. *Id.* at 228.

We first examine whether the condition constituted a special defect. The Legislature does not define special defect but likens it to conditions "such as excavations or obstructions on highways, roads, or streets." TEX. CIV. PRA C. & REM.CODE § 101.022(b); *see also County of Harris v. Eaton*, 573 S.W.2d 177, 178–80 (Tex.1978) (construing "special defect" as including those defects of the same kind or class as those expressly mentioned in the statute). In *Denton County v. Beynon*, we reaffirmed that conditions can be special defects "only if they pose a threat to the ordinary users of a particular roadway." 283 S.W.3d 329, 331 (Tex.2009) (citing *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 238 n. 3 (Tex. 1992)). Whether a condition is a special defect is a question of law. *City of El Paso v. Bernal*, 986 S.W.2d 610, 611 (Tex. 1999) (per curiam). In deciding this question, we have previously considered char-acteristics of the class of special defect, such as (1) the size of the condition, (2) whether the condition unexpectedly and physically impairs a vehicle's ability to travel on the road, (3) whether the condition presents some unusual quality apart from the ordinary course of events, and (4) whether the condition presents an unexpected and unusual danger to the ordinary users of the roadway. *See Tex. Dep't of Transp. v. York*, 284 S.W.3d 844, 847 (Tex. 2009) (per curiam).

The class of special defects contemplated by the statute is narrow. For example, this Court has concluded that a condition was a special defect where a large, oval-shaped pothole covered ninety percent of the highway and measured six to ten inches in depth like "a ditch across the highway." *See Eaton*, 573 S.W.2d at 178–80. In that case, no signs or barricade warned of the ditch. *See id.* at 178. While something like "a ditch across the highway" is a special defect, we have also determined that a two-inch drop in the roadway is not. *City of Dallas v. Reed*, 258 S.W.3d 620, 623 (Tex.2008).

Our special-defect jurisprudence turns on the objective expectations of an "ordinary user" who follows the "normal course of travel." *Beynon*, 283 S.W.3d at 332. In *Beynon*, the motorist struck a floodgate arm that was three feet off the roadway after the motorist lost control of his car. *Id.* at 330–31. We held that an "ordinary user" would not have left the roadway in this manner, and that the "normal course of travel" would be on the actual road. *Id.* at 332. Similarly, here, Hayes did not take the normal course of travel. Road users in the normal course of travel should turn back or take an alternate route when a barricade is erected to alert them of a closed roadway. This location—a chain across a barricaded and closed driveway—would not pose a threat to an ordinary

user in the normal course of travel because an ordinary user would not have traveled beyond the barricade, as Hayes did. We therefore cannot place it within the "narrow" class of special defects. *Id.*; *see also Payne*, 838 S.W.2d at 239 n. 3.

Accordingly, because the chain across the University's driveway was not a special defect, we hold that § 101.022(b) of the Texas Tort Claims Act does not waive the University's immunity from suit.[1]

■■ We must now decide whether the chain in this location is a premises defect. To establish a waiver of immunity for a premises-defect claim, the plaintiff must show that the landowner failed to either (1) use ordinary care to warn a licensee of a condition that presented an unreasonable risk of harm of which the landowner is actually aware and the licensee is not, or (2) make the condition reasonably safe. *See County of Cameron v. Brown*, 80 S.W.3d 549, 554–55 (Tex.2002).

■ To prove the actual-knowledge element, the licensee must show that the owner actually knew of a "dangerous condition at the time of the accident." *City of Corsicana v. Stewart*, 249 S.W.3d 412, 413–14 (Tex.2008) (per curiam) (quoting *City of Dallas v. Thompson*, 210 S.W.3d 601, 603 (Tex.2006) (per curiam)). Here, at the time of the accident, the University knew about—and indeed, had erected—the chain. But the University had also placed a large barricade in front of the chain in order to prevent road users from entering the driveway and ultimately encountering the chain. The fact that the University had placed a barricade to close the driveway negates arguments that the University had actual knowledge of a dangerous

condition: the University had no reason to know that the chain was dangerous to a user of the road at the time of the accident because it had closed the roadway to road users.

But Hayes offered deposition testimony of a University parking representative who said "the chain is rarely up," and he "would imagine that people on bicycles would go around the barricade." In discussing the chain itself, the University parking representative said, "I believe if there were no warning that [the chain] was there, that it's possible a bicycle would hit it without seeing it." These statements, taken after the accident, merely suggest what one University employee "would imagine" about bicyclists approaching the barricade, or that it would be "possible" to hit the chain if there were "no warning." But actual knowledge requires the landowner to know "that the dangerous condition existed at the time of the accident, not merely of the possibility that a dangerous condition c[ould] develop over time." *City of Corsicana*, 249 S.W.3d at 414–15. The representative's testimony contemplates the hypothetical knowledge of a dangerous condition, not actual knowledge of a dangerous condition.

The University parking representative also explained that the University would "typically" place orange cones on each side of the barricade, and it also possessed reflective tape and metal reflectors that it could affix directly to the chains. Hayes merely infers that the University had actual knowledge of a defect because it "typically" puts reflectors or cones near the barricade and chain. But Hayes's suggestion that the University could have done more to warn him is not direct evidence to

---

1. In the court of appeals, the University argued that the driveway was not a highway, road, or street under the special defects statute. The University does not raise this issue in this Court, and so we assume, without deciding, that the driveway was a highway, road, or street.

show that the University had actual knowledge of a dangerous condition.

Hayes also offered evidence that the responding police officer wrote: "[i]t should be noted that this officer observed that the lighting in this area is extremely poor making it difficult to see the chain." Again, the police officer's report, written after the incident, is not evidence of what the University knew at the time of the accident. *See id.*, 249 S.W.3d at 415 (noting that a police officer's report "describe[s] the City's knowledge of the weather and road conditions after the accident occurred, not before").

■ Additionally, Hayes failed to demonstrate that the University had ever received prior reports of injuries or accidents at this location. The absence of reports is just one factor to consider, but when determining whether a premises owner had actual knowledge of a dangerous condition, "courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger represented by the condition." *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex.2008) (per curiam). Because there is no evidence showing that the University had actual knowledge of a dangerous condition at the time of the accident, Hayes failed to establish a premises-defect claim.[2]

Accordingly, we grant the petition for review, and without hearing oral argument, TEX.R.APP. P. 59. 1, we reverse the court of appeals' judgment and dismiss the case for lack of jurisdiction.

---

2. The University also argues that (1) the University discharged any duty it could have owed Hayes because it warned of the chain, and (2) Hayes was a trespasser. Because we hold that the condition was not a special defect or premises defect on other grounds, we do not reach these issues.