

# NUMBER 13-09-122-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

---

CAMERON COUNTY, TEXAS,                                      Appellant,

v.

JUANITA E. PATTERSON,                                        Appellee.

---

## On appeal from County Court at Law No. 2
## of Cameron County, Texas.

---

# MEMORANDUM OPINION

## Before Justices Garza, Benavides, and Vela
## Memorandum Opinion by Justice Vela

This is an appeal from the trial court's denial of a plea to the jurisdiction filed by

Cameron County, Texas ("the County"). Juanita E. Patterson, the appellee, sued the

County, alleging that she was injured while traveling on a road owned and maintained by the County. By two issues, the County claims that it owes no duty to maintain rural roads, so the trial court lacked subject matter jurisdiction. Alternatively, the County argues that there was no waiver of immunity because the potholes that Patterson claimed were the cause of her injuries were not special defects. We affirm.

## I. BACKGROUND

Patterson filed suit against the County, alleging that the road she was traveling on when the accident occurred was "owned and maintained by the Defendant." She claimed she was unable to steer the vehicle as it went from "deep pothole to deep pothole." She pleaded that "the road condition, which was not known to plaintiff at the time of the accident, was in a dangerously poor and unsafe condition." The pleadings described the condition of the road as a special defect.

The County filed a plea to the jurisdiction, claiming that the particular road in question is a rural, unpaved caliche road that has a blacktop spray, but is not asphalted. The County pointed out that Patterson lives and works on the road where the accident occurred. The County urged that counties have never been vested with the responsibility of street maintenance, which is a proprietary function. However, at the hearing, counsel for the County stated that the County is liable for a premises defect if it was a special defect. The County also argued that potholes on rural roads are not special defects. As such, the County claimed that Patterson was required to plead and prove that the County had actual knowledge of the dangerous conditions she alleged in her pleadings.

2

Patterson responded by alleging that the County maintained and controlled the road, the road is not under the control of any city municipality, the county road was in disrepair and there were no warnings of any kind, and the County knew or should have known that the condition of the road posed a danger to the public. She pleaded that "these potholes are not ordinary potholes as the Defendant would have this Court believe but were of such size and depth" that they caused her to lose control of her vehicle.

The trial court held a hearing at which Patterson introduced photographs of the potholes she claims constitute a special defect. The County argued that it had no duty to fix the road. No other evidence was offered. The trial court denied the plea to the jurisdiction at the close of the hearing.

## II. APPLICABLE LAW

Sovereign immunity from suit deprives a trial court of subject-matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004). Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Id*. at 225-26. The Texas Tort Claims Act provides a limited immunity waiver for torts arising from either premises defects or special defects. TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a), (b) (Vernon Supp. 2010). When a plea to the jurisdiction challenges the jurisdictional facts, the trial court must review the relevant evidence to determine if a fact issue exists. *Miranda,* 133 S.W.3d at 226. The plaintiff bears the burden to allege facts demonstrating jurisdiction and the pleadings are construed liberally in plaintiff's favor. *Id.* If the pleadings do not

3

affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading deficiency and the plaintiff should be given the opportunity to amend. *Id.* at 226-27. If the evidence raises a fact issue on jurisdiction, the trial court may not grant the plea, and the issue must be resolved by the trier of fact. *Id.* When reviewing a trial court's ruling on a challenge to its jurisdiction, we consider the plaintiff's pleadings as well as the factual assertions, and any other evidence in the record that is relevant to the jurisdictional issue. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010). If the evidence is undisputed or fails to raise a fact issue, the trial court must rule on the plea as a matter of law. *Id.* at 228.

Section 101.022(a) of the Texas Tort Claims Act limits the government's duty to prevent injury from premise defects to those of which it has actual knowledge. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a) ("Except as provided in Subsection (c) [pertaining to toll roads], if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises."); *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992) ("[A] licensee must prove that the premises owner actually knew of the dangerous condition, while an invitee need only prove that the owner knew or reasonably should have known."). But the limitation does not apply to "special defects such as excavations or obstructions on highways, roads, or streets." TEX. CIV. PRAC. & REM. CODE § 101.022(b); *Denton County v. Beynon*, 283 S.W.3d 329, 331 (Tex. 2009) ("Where a special defect exists, the State owes the same duty to warn as a private landowner owes to an invitee, one that requires the State 'to use

4

ordinary care to protect an invitee from a dangerous condition of which the owner is or reasonably should be aware.'" (quoting *Payne*, 838 S.W.2d at 237) (footnotes omitted)). The Legislature does not define a special defect, but discusses conditions "such as excavations or obstructions on highways, roads or streets." TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(b); *Univ. of Tex. v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010). Conditions may be special defects only if they pose a threat to ordinary users of a particular roadway. *Beynon*, 283 S.W.3d at 331. Whether a condition is a special defect is a question of law. *City of El Paso v. Bernal*, 986 S.W.2d 610, 611 (Tex. 1999).

The supreme court has stated that the class of special defects is narrow. *Hayes,* 327 S.W.3d at 116. For instance, an oval pothole covering ninety percent of the highway is a special defect, while a two-inch drop in a roadway is not. *Id.* The issue of whether a defect is a "special defect" "turns on the objective expectations of an 'ordinary user' who follows the 'normal course of travel.'" *Id.* (*citing Beynon,* 283 S.W.3d at 332). Conditions can be special defects only if they pose a threat to the ordinary users of a particular roadway. *Beynon*, 283 S.W.3d at 332. The central inquiry is whether the condition is of the same kind or falls within the same class as an excavation or obstruction. *Tex. Dep't of Transp. v. York*, 284 S.W.3d 844, 847 (Tex. 2009). The supreme court has traditionally distinguished special defects by "some unusual quality outside the ordinary course of events." *Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex. 2008). A gaping, impassable hole is outside the ordinary course of events, unlike the expectation of potholes and ruts on an unpaved rural road. *See Durham v. Bowie County*, 135 S.W.3d 294, 297 (Tex. App.–Texarkana 2004, no pet.). When determining

5

if a condition is a special defect, courts consider: (1) the size of the condition, (2) whether the condition unexpectedly and physically impairs the vehicle's ability to travel on the road, (3) whether the condition presents some unusual quality apart from the ordinary course of events, and (4) whether the condition presents an unexpected and unusual danger to the ordinary users of the roadway. *Hayes,* 327 S.W.3d at 116.

### III. ANALYSIS

In our review, we determine only if Patterson stated a claim upon which relief can be granted. We construe the facts in the plaintiff's favor, but note that it is clearly her burden to allege facts showing jurisdiction. *Miranda,* 133 S.W.3d at 226. Patterson's pleadings allege that the County controlled and maintained the road upon which she was injured. While the County argues that municipalities are charged with the responsibility of maintaining the roads, it did not deny that it maintained this road. Nor does the County offer any contrary evidence regarding which entity was actually charged with maintaining the road in issue. Looking at the plaintiff's pleadings in the light most favorable to her, we conclude that she has properly pleaded that the County maintains the road.

Patterson has also pleaded that the potholes in question were deep and were of such a size and depth that they caused her to lose control of her vehicle. In her amended pleadings, which she verified, she asserted that "Plaintiff . . . was unable to steer her motor vehicle as it went from deep pothole to deep pothole. . . . The road condition, which was not known to Plaintiff at the time of the accident, was in a dangerously poor and unsafe condition. This special defect or condition on the road proximately caused the accident in question. . . ."

6

Patterson did not allege that the potholes were either obstructions or excavations, or allege facts to show the depth or width of the potholes. However, she asserted that the potholes were not ordinary potholes. She claimed that she did not know the condition of the road at the time and alleges that the County knew or had reason to know "of the unsafe and dangerous condition of the road." There is an expectation of potholes and ruts on unpaved rural roads. Special defects are traditionally distinguished by some "unusual quality outside the ordinary course of events." *Reed*, 258 S.W.3d at 622. Patterson pleaded the fact that the potholes in question were not ordinary, they were deep, and she asserted that she went from pothole to pothole before hitting a utility pole. At the hearing, she introduced photos of a road showing what appear to be deep potholes. We have no idea of the potholes' width, depth, or even if they represent the condition of the road at the time this accident occurred. But, we recognize that those photos were before the trial court when it ruled.

The pleadings filed by Patterson assert that the potholes were out of the ordinary and of such size and depth that they caused her to lose control of her vehicle. Construing the pleadings in Patterson's favor and considering the evidence in the record that is relevant to the jurisdictional issue, Patterson has pleaded sufficient facts demonstrating jurisdiction. We overrule the County's issues.

7

## IV. Conclusion

We affirm the judgment of the trial court.

ROSE VELA
Justice

Delivered and filed the
10th day of March, 2011.