# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00724-CV

### University of Texas at Austin and William Powers, Jr., in his Official Capacity as President of the University of Texas at Austin, Appellants

### v.

### Bambi Lowman, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-GN-10-002436, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Bambi Lowman filed suit against the University of Texas at Austin (the "University") and William Powers, Jr., in his official capacity as President of the University. In her suit, Lowman alleged that she was improperly denied access to the University due to her disability. In response to the suit, the University and Powers filed a plea to the jurisdiction asserting that the suit was barred by sovereign immunity. The district court denied the plea, and the University and Powers filed this interlocutory appeal. We will reverse the district court's order and remand the case for further proceedings.

## BACKGROUND

According to Lowman's unchallenged factual allegations, she was admitted to the University as a graduate student in the geology department in 1983. At some point in the past,

Lowman was diagnosed with autism, and she contends that her condition imposes significant obstacles in her life. Further, Lowman avers that her condition substantially delayed the completion of her degree requirements. In fact, Lowman never finished all of the requirements needed for her Ph.D. and is no longer enrolled as a student in the program. Although Lowman was no longer a student during the time relevant to this appeal, she asserts that she continued to visit the campus to meet with her former professors and to perform research in the geology library.

In 2009, while in the geology library, Lowman was involved in an incident with a student that ultimately resulted in Lowman being informed that she was not authorized to be in the library and being arrested for criminal trespass. Some time after her arrest, Lowman filed suit against the University and Powers, in his official capacity as President of the University. In her petition, she alleged that because she was essentially banned from the library, she has been denied "admittance to a public facility because of her disability" in contravention of the human resources code. *See* Tex. Hum. Res. Code Ann. § 121.003 (West Supp. 2011); *see also id.* § 121.002(5) (West 2001) (defining "public facility"). Further, Lowman argued that the legislature waived sovereign immunity for the types of claims that she is pursuing. Lowman also alleged that the University and Powers discriminated against her, "a person with a disability, by failing to make reasonable accommodations in policies, practices, and procedures." Accordingly, she sought a permanent injunction, actual damages, statutory damages, prejudgment and postjudgment interest, court costs, and any other relief that she was entitled to.

In response to her suit, the University and Powers filed a plea to the jurisdiction. In their plea, the University and Powers contended that Lowman's suit should be dismissed because

2

the State has not waived sovereign immunity for the claims presented by Lowman. In addition, the University and Powers argued that Lowman's claim for injunctive relief should be dismissed.

After considering the arguments in the plea, the district court denied the plea. The University and Powers appeal the district court's ruling. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2011) (authorizing interlocutory appeal challenging denial of plea).

## DISCUSSION

On appeal, the University and Powers re-urge the jurisdictional arguments that they made in their plea to the jurisdiction. In particular, they contend that nothing in the human resources code reveals an intent by the legislature to waive sovereign immunity for claims alleging that an individual was improperly denied admittance to a public facility due to a disability. In addition, they assert that Lowman's injunctive claims are barred. In particular, the University and Powers allege that Lowman's petition demonstrates that no violation occurred and, therefore, argue that the injunctive claims are barred by sovereign immunity. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372-73 (Tex. 2009); *see also Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003) (stating that "[i]n addition to protecting the State from liability," sovereign immunity "also protects the various divisions of state government, including . . . universities"). Accordingly, the University and Powers insist that Lowman's claim for injunctive relief should be dismissed.[1]

When a plea to the jurisdiction is filed challenging the authority of a trial court over a case, the jurisdictional inquiry "begins with the plaintiff's live pleadings." *Creedmoor-Maha*

---

[1] In their plea, the University and Powers also alleged that Lowman does not have standing to pursue the claims in her petition, but they did not include this basis in their appellate briefs.

*Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 512 (Tex. App.—Austin 2010, no pet.); *see State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007) (stating that when reviewing plea, courts look to "plaintiff's petition to determine whether the facts pled affirmatively demonstrate that jurisdiction exists"); *see also Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (explaining that "[a] plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit"). Whether the plaintiff has met his burden of pleading facts that invoke the trial court's jurisdiction "is a question of law that we review de novo." *Creedmoor*, 307 S.W.3d at 513; *see Holland*, 221 S.W.3d at 642 (stating that subject-matter jurisdiction is question of law that courts review de novo). In performing this review, "[w]e construe the pleadings liberally, taking them as true, and look to the pleader's intent." *Creedmoor*, 307 S.W.3d at 513; *see also Brantley v. Texas Youth Comm'n*, No. 03-10-00019-CV, 2011 Tex. App. LEXIS 8220, at *4 (Tex. App.—Austin Oct. 12, 2011, no pet.) (explaining that inquiry is whether "plaintiff's pleaded and un-negated facts, taken as true and liberally construed with an eye to the pleader's intent, would affirmatively demonstrate a claim or claims within the trial court's subject-matter jurisdiction"); *Creedmoor*, 307 S.W.3d at 516 (stating that when determining if trial court's inherent jurisdiction has been invoked, courts construe relevant statutory provisions and apply them to facts pleaded and not negated by evidence to see if plaintiff has alleged violations). "If the pleadings do not contain sufficient facts" to establish the trial court's jurisdiction but also "do not affirmatively demonstrate incurable defects in jurisdiction," the plaintiff should be given an opportunity to amend. *Creedmoor*, 307 S.W.3d at 513; *see Holland*, 221 S.W.3d at 643. However, if "the pleadings affirmatively negate the existence of jurisdiction, then a plea to the

jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

Generally speaking, the State "retains sovereign immunity from suit" and, accordingly, can only be sued if the legislature has agreed to waive that immunity. *University of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 115 (Tex. 2010) (per curiam). However, sovereign immunity does not bar suits for injunctive relief against government officials in their official capacities if the suit is brought to compel "officials to comply with statutory or constitutional provisions." *Heinrich*, 284 S.W.3d at 372, 376. "To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* at 372. If a plaintiff successfully proves an ultra vires claim, then he "is entitled to prospective injunctive relief." *Id.* at 376.

In her petition, Lowman stated that she has been diagnosed with autism and then described various symptoms that she experiences. In particular, she related that "various major life activities, including communication" are "substantially limited," that her speech is delayed, that she has to "invest significant amounts of time preparing to have conversations," and that she has difficulty "accessing information if she is not comfortable and relaxed."

In addition, Lowman also recounted the incident that occurred in the geology library. Specifically, Lowman alleged that she "made eye contact with a graduate student and then quickly turned" around and that the student found this encounter "suspicious" and called the University Police Department. Further, Lowman pleaded that two police officers responded to the call, came

to the library, and questioned her. According to the petition, the police asked her if she was "a student, a staff member, or a faculty member." In addition, Lowman alleged that after she informed the police that she was not currently a student, the police told her that the library may only be used by "students, staff members, and faculty members" and that "if she ever set foot on . . . campus again, she would be arrested." Further, Lowman contended that after she tried to ask the officers a question, they arrested her for criminal trespass.

In her petition, when describing the events occurring after her arrest, Lowman asserted that she contacted the University's vice president of legal affairs, explained the nature of her disability, and asked him to withdraw the criminal trespass warning; however, she alleged that he "refused to withdraw the warning" and informed her that she should not be on the campus. After listing the allegations above, Lowman asserted that she was improperly denied "admittance to a public facility because of her disability." *See* Tex. Hum. Res. Code Ann. § 121.003(c).

Even under a liberal reading, none of the alleged facts in her petition support a claim that Powers committed ultra vires acts by failing to comply with the requirements of the human resources code. The human resources code states that "[n]o person with a disability may be denied admittance to any public facility in the state because of the person's disability." *Id.*; *see id.* § 121.002(5) (defining "[p]ublic facilities"). The main focus of Lowman's petition is on the events leading up to her arrest. However, on appeal, Lowman reveals that she is not alleging that her arrest violated the human resources code; rather, she contends on appeal that the violation occurred when she was subsequently excluded from campus. To the extent that Lowman bases her claims on her removal from the library, none of her allegations support an inference that she was denied admittance

6

to the library due to her disability. *See Hill v. Burnet County Sheriff's Dep't*, 96 S.W.3d 436, 440 (Tex. App.—Austin 2002, pet. denied) (stating that petitions are sufficient when "the cause of action may be reasonably inferred from what is specifically stated"). Although Lowman described herself as autistic and listed various symptoms that she suffers from, her factual allegations about the library incident asserted that the police officers ordered her to leave the library and ultimately arrested her because she was not a current student or a member of the faculty or staff. Further, although Lowman alleged that the police informed her that she would be arrested if she came back to campus, nothing in her petition stated that the police issued the warning for any reason other than the fact that Lowman was not a current student or member of the faculty or staff. Exclusion from a public facility on the basis of student or employment status does not support a claim under the provisions of the human resources code at issue in this case. Regarding the events that occurred after her arrest, Lowman asserted that she had a conversation with a University employee in which she described her disability and asked for the criminal trespass warning to be withdrawn, but the employee stated that "she should not be on our campus." However, no allegations were made in the petition that would support a determination that the employee was improperly denying Lowman access due to her disability. Moreover, Lowman's unsupported legal conclusion that the University denied her "admittance to a public facility because of her disability," without more, cannot satisfy Lowman's burden of alleging facts that demonstrate that Powers committed ultra vires acts. *See Brantley*, 2011 Tex. App. LEXIS 8220, at *3 (stating that plaintiff must show that trial court has jurisdiction to decide issues and that "[m]ere unsupported legal conclusions are insufficient").

Because Lowman's petition failed to allege a valid ultra vires claim, we conclude that the district court erred by denying the portion of the plea addressing Lowman's claim for injunctive relief. However, Lowman's petition does not affirmatively negate jurisdiction, and she should therefore be given an opportunity to amend her petition.

As explained previously, in addition to seeking injunctive relief, Lowman also asserted that the human resources code waives sovereign immunity for claims falling under section 121.003 of the human resources code. For that reason, Lowman requested monetary relief available under the human resources code. *See* Tex. Hum. Res. Code Ann. § 121.004(a), (b) (West 2001) (stating that violation of section 121.003 is punishable by "a fine of not less than $300 or more than $1,000" and that if someone is denied access to public facility due to his disability, he "may maintain a cause of action for damages in a court of competent jurisdiction"). In their first issue, the University and Powers assert that the provisions of the human resources code at issue do not waive sovereign immunity. Because the factual allegations underpinning Lowman's ultra vires cause of action are identical to those for her claim for monetary damages and because Lowman will be given an opportunity to amend her factual allegations, we decline to address the issue regarding waiver pending repleading.

**CONCLUSION**

Having determined that the district court erred by denying the portion of the University and Powers's plea addressing injunctive relief, we reverse the district court's order and remand the case for proceedings consistent with this opinion.

8

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Reversed and Remanded

Filed: May 18, 2012