**REVERSED AND RENDERED; Opinion Filed April 22, 2021**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00669-CV**

**THE CITY OF DALLAS, Appellant**
**V.**
**ESTATE OF YOLANDA JEANNE WEBBER THROUGH PERSONAL**
**REPRESENTATIVE DEBRA WEBBER ON BEHALF OF TENEKKI**
**WEBBER AND SHEMEKA WEBBER, AS ESTATE BENEFICIARIES,**
**Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-02069**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Carlyle
Opinion by Justice Carlyle

The City of Dallas appeals the trial court's order denying its plea to the

jurisdiction. We reverse and render judgment dismissing all claims against the City.

Because the legal issues are settled, we issue this memorandum opinion. *See* TEX.

R. APP. P. 47.4.

Yolanda Webber began experiencing shortness of breath while riding in a car with her sisters, Tenekki Webber and Shemeka Webber.[1] Each sister tried to call 9-1-1, but neither could reach an operator. They removed Yolanda from the car and placed her on the sidewalk, while bystanders in the area also tried to call 9-1-1. Nobody could get through.

Unable to reach 9-1-1, Tenekki called their other sister, Debra Webber, who walked to a nearby fire station to summon help. Bystanders performed CPR on an unresponsive Yolanda for approximately thirty minutes before paramedics reached her. And Yolanda, who suffered prolonged cardiac arrest and an anoxic brain injury, had no pulse when she arrived at the hospital. Doctors revived and sedated her, but she did not recover. On the recommendation of her doctors, Yolanda's family took her off life support, and she died.

Tenekki, Shemeka, and Debra[2] sued various parties involved with operating the 9-1-1 system, including the City. The City filed a plea to the jurisdiction, attaching evidence in support of its contention that governmental immunity barred the Webbers' claims. The Webbers responded with their own evidence, and the trial court denied the City's plea after conducting a hearing.

---

[1] Although the petition alleges Shemeka is Yolanda's sister, other parts of the record suggest she might be Yolanda's niece. The distinction is unimportant to our analysis, so we refer to her as Yolanda's sister, consistent with the petition's allegations.

[2] The capacities in which each sister sued the City are unclear. The petition states that all three sisters are plaintiffs, but its caption suggests Debra, acting as the personal representative of Yolanda's estate, filed suit on behalf of Tenekki and Shemeka, as estate beneficiaries. Because we conclude the City is immune from the Webbers' claims in any event, we need not untangle the capacities in which each sister sued.

The City contends the trial court erred because the Webbers failed to establish immunity waiver for their claims. We review the trial court's ruling de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). To determine whether a plaintiff has met that burden, we "consider the facts alleged by the plaintiff and the evidence submitted by the parties." *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). We construe the pleadings liberally, taking all factual assertions as true, and view the evidence in the light most favorable to the plaintiff. *See id.* at 512, 520; *Miranda*, 133 S.W.3d at 228. If the evidence raises a fact issue on jurisdiction, we must deny the plea and allow the factfinder to resolve the issue. *McKenzie*, 578 S.W.3d at 512. But "if the evidence is undisputed or fails to raise a fact question, the plea must be granted." *Id.* (quoting *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010)).

The Webbers' petition asserts waiver under the Texas Tort Claims Act (TTCA), which provides that a governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2). Immunity is not waived if the property's condition or use does not proximately cause the injury or death. *City*

*of Dallas v. Sanchez*, S.W.3d 722, 726 (Tex. 2016) (per curiam). The Webbers allege that the condition or use of City property—the various components of its 9-1-1 system—caused Yolanda's death by preventing her from receiving timely medical attention.

But as the supreme court has explained, a mere delay in treatment resulting from a malfunctioning 9-1-1 system is not a proximate cause of a claimant's injuries for purposes of immunity waiver. *See Sanchez*, 494 S.W.3d at 726. In *Sanchez*, the City received two 9-1-1 calls from the same apartment complex within ten minutes of each other. *Id.* at 725. Each caller reported a drug overdose, but the second caller got disconnected. *Id.* Paramedics attended to the subject of the first call but never responded to the second, after mistakenly concluding the two calls concerned the same overdose. *Id.* The victim who received no medical attention died, and his family sued the City, alleging that the condition or use of the 9-1-1 system caused the victim's death by preventing him from receiving timely medical care. *Id.*

The supreme court explained that proximate causation in this context requires that "the condition or use of the property must actually have caused the injury." *Id.* at 726 (quotation omitted). Property use "that simply hinders or delays treatment does not 'actually cause the injury' and does not constitute a proximate cause of an injury." *Id.* The court went on to hold that the City was immune from suit because the malfunctioning 9-1-1 system, which merely delayed treatment, did not proximately cause the victim's death. *Id.* at 726–27.

–4–

Here, the Webbers similarly allege that the City's malfunctioning 9-1-1 system caused Yolanda's death by delaying potentially life-saving treatment. We are bound by the supreme court's instruction in *Sanchez* that such a delay in these circumstances is not a proximate cause of a claimant's injuries. We must conclude, therefore, that the Webbers failed to establish immunity waiver under the TTCA.[3]

We reverse the trial court's order denying the City's plea and render judgment dismissing all claims against the City for lack of jurisdiction.

/Cory L. Carlyle/

CORY L. CARLYLE
JUSTICE

200669F.P05

---

[3] Because the City is immune from the Webbers' claims, we need not address the City's alternative arguments, raised for the first time on appeal, concerning whether the Webbers have standing to assert those claims. *See* TEX. R. APP. P. 47.1; *KingVision Pay-Per-View, Ltd. v. Dallas Cty.*, No. 05-12-00765-CV, 2014 WL 1008203, at *1 (Tex. App.—Dallas Feb. 20, 2014, pet. denied) (mem. op.).



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

THE CITY OF DALLAS, Appellant

No. 05-20-00669-CV  V.

ESTATE OF YOLANDA JEANNE
WEBBER THROUGH PERSONAL
REPRESENTATIVE DEBRA
WEBBER ON BEHALF OF
TENEKKI WEBBER AND
SHEMEKA WEBBER, AS ESTATE
BENEFICIARIES, Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-02069.
Opinion delivered by Justice Carlyle.
Chief Justice Burns and Justice
Myers participating.

In accordance with this Court's opinion of this date, the order of the trial court is **REVERSED** and judgment is **RENDERED** that:

All claims against the City of Dallas are dismissed for lack of jurisdiction.

It is **ORDERED** that appellant the City of Dallas recover its costs of this appeal from appellee Estate of Yolanda Jeanne Webber through Personal Representative Debra Webber on Behalf of Tenekki Webber and Shemeka Webber, as Estate Beneficiaries.

Judgment entered this 22nd day of April, 2021.