

# NUMBER 13-23-00098-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

YOLANDA HERNANDEZ DELGADO,                                    Appellant,

v.

CAMERON COUNTY,                                                       Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
## OF CAMERON COUNTY, TEXAS

## CONCURRING MEMORANDUM OPINION ON REHEARING

**Before Justices Benavides, Longoria, and Silva**
**Concurring Memorandum Opinion on Rehearing by Justice Silva**

I write separately to address the majority opinion's conclusions regarding whether Deputy Gonzalez's lights and sirens were activated at the time of the accident. I respectfully disagree with the majority opinion's determination that there is no conclusive evidence that Deputy Gonzalez had his lights activated at the time of the accident. I would

hold that the store surveillance video that captured the accident does conclusively establish that Deputy Gonzalez had activated his lights before the accident. I would also hold that Deputy Gonzalez's activation of his lights and brakes is evidence that he engaged in a risk assessment in an effort to ensure public safety, and that such evidence weighs against a finding of reckless disregard. *See City of San Antonio v. Maspero*, 640 S.W.3d 523, 532 (Tex. 2022). However, I reluctantly concur in the judgment in this case because the question of whether Deputy Gonzalez's siren was activated at the time of the accident is one that must be resolved by a jury.[1]

Public servants responding to emergencies face a myriad of challenges and a host of split-second decisions as they carry out their often-dangerous duties for the public benefit. The emergency response exception to the Texas Tort Claims Act allows responding officers to make critical, time-sensitive decisions in an emergency without having to pause to consider potential liability, so long as they comply with the laws and ordinances applicable to emergency action and do not act recklessly. TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2); *Maspero*, 640 S.W.3d at 529. This exception both enhances public safety and saves taxpayer resources that might otherwise be expended on litigation arising from such decisions.

In this case, the lack of undisputed evidence as to whether Deputy Gonzalez's siren was activated at the time of the accident forestalls any prompt resolution of that issue. The store surveillance video contains no audio of the accident.[2] On this question,

---

[1] The record reflects that both parties made a jury demand, the jury fee was paid, and this matter was previously set for a jury trial.

[2] Missing from the record is any dashboard or body camera footage from either Deputy Gonzalez

2

we have before us only conflicting statements by Deputy Gonzalez, Deputy Constable Marquez, and Hernandez. The determination of the weight and credibility to be given to witness testimony is inherently the province of the trier of fact, whose right to decide that issue this Court is bound to respect. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). This Court's role is to determine whether a genuine issue of material fact on jurisdiction was raised that precludes the granting of a plea to the jurisdiction. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) (review of plea to the jurisdiction challenging existence of jurisdictional facts "mirrors that of a traditional summary judgment motion," and if "a disputed material fact exists regarding the jurisdictional issue," plea may not be granted). If "a fact question on jurisdiction" exists, "the issue must be resolved by the trier of fact." *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010). Without any undisputed evidence in the record resolving the conflicting witness statements on whether Deputy Gonzalez's siren was activated, the question of who should be believed is for a jury to decide.

For these reasons, I respectfully concur in the judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
12th day of December, 2024.

---

or Deputy Constable Marquez that might have conclusively resolved this issue. The record does not indicate whether Deputy Constable Marquez was equipped with either a dashboard or a body camera, but it does establish that Deputy Gonzalez had neither. According to Deputy Gonzalez, the Cameron County Sheriff's Office has since equipped its deputies with both dashboard and body cameras.