

# NUMBER 13-24-00361-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF MCALLEN,                                                                          Appellant,

v.

FRANCISCO J. GONZALEZ,                                                                  Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 1
## OF HIDALGO COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Justice West**

Appellant City of McAllen (the City) appeals the trial court's denial of its plea to the jurisdiction and motions for summary judgment. By its sole issue, the City argues the trial court erred because appellee Francisco J. Gonzalez failed to establish a valid waiver of governmental immunity under the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A). We reverse and remand.

## I. BACKGROUND

Gonzalez filed suit against the City asserting a claim for negligence under § 101.021 of the TTCA. *Id*. Gonzalez alleged that Jocelyn Reyes, a police officer employed by the City, ran a red light without stopping or determining whether it was safe to proceed, resulting in a collision with his car and injuries to his person.

After some discovery, the City filed, in one motion, a plea to the jurisdiction, a no-evidence motion for summary judgment, and a traditional motion for summary judgment. It asserted that it had governmental immunity because the exception to TTCA § 101.021 withdraws waiver of immunity where an officer is responding to an emergency call and avoids violating the law or acting recklessly. *See id*. § 101.055(2).

On appeal, both parties rely on a traffic camera video, a dash-cam video, and Officer Reyes's deposition. This evidence demonstrates that Officer Reyes was on duty and received a dispatch call for a possible drug overdose. She advised dispatch that she was responding, and dispatch acknowledged her. She testified that she activated emergency lights and sirens. The dash-cam and traffic cameras captured Officer Reyes as she approached a red light at an intersection. The dash-cam footage shows that Officer Reyes's lights were on. It also recorded a sound that the parties agreed was a siren, the intermittent use of a horn, and reduction of the cruiser's speed from around eighty miles per hour to four miles per hour when entering the middle of the intersection. In the footage, vehicles are observed moving out of Officer Reyes's path and stopping. As Officer Reyes attempted to cross the last lane of perpendicular traffic, an SUV driven by Gonzalez collided with her cruiser. Shortly after the collision, a large tour bus entered the traffic

2

camera footage from the same direction as Gonzalez's car. Gonzalez asserts that the bus obstructed both his view and Officer Reyes's view of each other.

The trial court denied the City's motion, and this interlocutory appeal followed.

## II. DISCUSSION

The City argues that Gonzalez failed to establish the City's waiver of immunity under the TTCA because it failed to present fact issues negating the exceptions to the state's immunity waiver found in § 101.055(2) and § 101.062. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.055(2), 101.062.

Gonzalez asserts that the City waived its immunity by consenting to jurisdiction in a discovery response.

### A. Standard of Review and Burden of Proof

Jurisdictional challenges are reviewed de novo. *See City of Houston v. Gomez*, No. 23-0858, 2025 WL 1716878, at *2, __ S.W.3d __, __ (Tex. June 20, 2025) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004)). In de novo review, no deference is given to the trial court's decision. *See In re Est. of Slaughter*, 305 S.W.3d 804, 808 (Tex. App.—Texarkana 2010, no pet.) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)). Challenges to jurisdiction are generally reviewed under "two broad categories" depending on how the government responds to the purported waiver. *City of Austin v. Powell*, 704 S.W.3d 437, 447–48 (Tex. 2024). The government may (1) "challenge the pleadings," similar "to a motion to dismiss under Rule 91a"; or (2) "challenge the existence of jurisdictional facts," similar to a "no-evidence motion for summary judgment" or a "traditional motion for summary judgment." *Id*.

3

"Whatever the government may call its jurisdictional challenge—a plea to the jurisdiction, a motion to dismiss, or a motion for summary judgment—we look to its substance." *Id*. The crux of the City's combined motion is that Gonzalez could not present a fact issue that exceptions relevant to the state's waiver of tort immunity are inapplicable in this case. Additionally, the City attached evidence to affirmatively support its claims. Thus, we will treat the City's jurisdictional challenge as one of the second category, a challenge to jurisdictional facts. *See Powell,* 704 S.W.3d. at 448 (holding that "the City's plea to the jurisdiction most closely mirror[ed] a no-evidence motion for summary judgment," and analyzing the plaintiff's "allegations and evidence" under that standard).

Regardless of how a jurisdictional challenge is classified or which party presents the court with evidence, the burden is always the same: "the party suing the government . . . bears the burden of affirmatively showing waiver of immunity." *Id.* at 447 (internal citations omitted); *see also County of Hidalgo v. Carlos*, No. 13-24-00401-CV, 2025 WL 1764849, at *2 (Tex. App.—Corpus Christi–Edinburg June 26, 2025, no pet. h.) (mem. op.) (citing *Powell,* 704 S.W.3d at 448). There is "a presumption against any waiver until the plaintiff establishes otherwise." *Powell,* 704 S.W.3d at 447 (quoting *Rattray v. City of Brownsville*, 662 S.W.3d 860, 866 (Tex. 2023)). To survive a jurisdictional challenge, a plaintiff must (1) prove that the statute clearly and affirmatively waives jurisdiction and (2) negate any provision that creates exceptions to the waiver. *Id*. If, as here, a jurisdictional challenge attacks the "existence of jurisdictional facts" and the governmental entity identifies an exception to the waiver of immunity, the burden shifts to the plaintiff, and he must produce enough evidence to raise a genuine issue of material

4

fact to overcome the challenge. *Id*. at 448 ("When there is a dispute over jurisdictional facts, the plaintiff must raise a genuine issue of material fact as to the immunity waiver's applicability."); *see City of San Antonio v. Maspero*, 640 S.W.3d 523, 529 (Tex. 2022) (quoting *Univ. of Tex. at Austin v. Hays*, 327 S.W.3d 113, 116 (Tex. 2000)) ("if the evidence is undisputed or fails to raise a fact question, the plea must be granted" (internal quotations omitted)); *see also Cameron Cnty. v. Sossi*, No. 13-21-00180-CV, 2022 WL 4374994, at *3 (Tex. App.—Corpus Christi–Edinburg Sept. 22, 2022, no pet.) (mem. op.). "The plaintiff bears the burden of negating [TTCA] Section 101.055's applicability." *Maspero*, 640 S.W.3d at 529 (citing *City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 (Tex. 2006).

## B.     Waiver by Consent

Gonzalez first asserts that the City is not immune because it responded to a request for admission by admitting that the trial court had jurisdiction. We disagree. It is an elementary principal of our jurisprudence that while parties may consent to personal jurisdiction, parties cannot consent to subject matter jurisdiction. *In re Fisher*, 433 S.W.3d 523, 532 (Tex. 2014) (orig. proceeding) (providing that parties may consent to personal jurisdiction); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (setting out that parties cannot confer subject matter jurisdiction on courts by consent). Governmental immunity is derived from the state's sovereignty and deprives a court of subject matter jurisdiction, regardless of any admissions. *Miranda*, 133 S.W.3d at 224; *Wasson Ints., Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 431 (Tex. 2016). And waiver of the government's sovereign immunity is the sole province of the Legislature. *Tex. Nat. Res.*

5

*Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 858 (Tex. 2002). Government agents, such as attorneys representing the City, are unable to waive the state's sovereignty. *See id.* (holding "administrative agents—even those who have authority to contract on the agency's behalf—cannot waive their agencies' immunity from suit").[1] Accordingly, we reject Gonzalez's claim that the City waived its immunity.

## C.    Legislature's Immunity Waiver and Exceptions

The City, a political subdivision of the state, is immune from suit unless state law has waived immunity. *Gomez*, 2025 WL 1716878, at *2. The TTCA has waived immunity where personal injury arises from and is proximately caused by a government employee's negligent operation or use of a motor-driven vehicle while in the scope of employment. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1). However, the TTCA expressly excepts certain circumstances from this immunity waiver as specified in § 101.055(2) and § 101.062.

### i.    § 101.055(2)

An exception to the government's TTCA waiver of immunity in motor vehicle collisions applies when an officer "respond[s] to an emergency call" or "react[s] to an emergency situation" unless: (1) the officer failed to comply with "the laws and ordinances applicable to emergency action;" or (2) in the absence of such laws, the officer acted "with conscious indifference or reckless disregard for the safety of others." *See id.*

---

[1] Gonzalez also argues the Court should decide this issue in his favor without analysis because the City failed to address it on appeal. But courts have a duty to ensure they have subject matter jurisdiction even if no party raises the issue. *S.C. v. M.B.*, 650 S.W.3d 428, 449 (Tex. 2022). This is because lack of subject matter jurisdiction divests the judiciary of authority to decide a case. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 94 (Tex. 2012). Thus, the City's failure to address the waiver issue on appeal does not affect our analysis.

§ 101.055(2).

### a. Emergency Call

The City argues that Gonzalez failed to establish the City's waiver of immunity under the TTCA because no fact issue was presented as to whether Officer Reyes was responding to an emergency call. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2). Gonzalez disagrees. He argues that Officer Reyes was not "responding to an emergency" call or "reacting to an emergency situation" because she was merely responding to a "possible" overdose rather than a more certain threat to life.[2] However, Gonzalez does not explain what degree of probability is necessary to trigger § 101.055(2), and he provides no authority for this proposition.

The Supreme Court of Texas has broadly interpreted "emergency" under § 101.055(2) and reasoned "we cannot construe [§] 101.055(2) to exclude emergencies the Legislature might have intended to include." *City of San Antonio v. Hartman*, 201 S.W.3d 667, 673 (Tex. 2006) (rejecting appellate court's holding that "emergency" does not include "what might be colloquially referenced to as an 'emergency'" and holding government employees' decisions regarding where to erect traffic barricades during unprecedented flooding satisfied the "emergency" prong under § 101.055(2)). Similarly, our sister court held the "emergency" prong of § 101.055(2) was satisfied by a collision that occurred while the police officer was trying to discern whether the dispatched call he was responding to was a true emergency. *Tex. Dep't of Pub. Safety v. Little*, 259 S.W.3d

---

[2] Gonzalez also complains that even if the call merited attention, it was not an emergency because Officer Reyes could not have provided any meaningful assistance other than CPR and ensuring paramedics arrived. To the extent Gonzalez finds futile an officer's provision of CPR and a secure scene for paramedics to administer lifesaving care, we disagree.

7

236, 239 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Given the foregoing precedent, with no evidence from Gonzalez on this issue, and in light of the evidence presented by the City concerning Officer Reyes' response to the emergency dispatch, we find Gonzalez failed to raise a fact issue as to whether Officer Reyes was responding to an emergency under § 101.055(2). We sustain the City's issue.

### b. Compliance With Law

Next, the City argues that Gonzalez failed to establish the City's waiver of immunity under the TTCA because there is no fact issue as to whether Officer Reyes failed to comply with laws and ordinances applicable to emergency action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2). Gonzalez disagrees. He asserts that Officer Reyes failed to comply with a municipal ordinance that provides as follows:

> No person while driving or operating or in charge of any vehicle shall wilfully [(sic)] or with negligence cause or suffer or permit such vehicle to come into collision with any other vehicle of any nature whatever, or with any animal or property in or on any street or public or private property.

MCALLEN, TEX., CODE OF ORDINANCES ch. 102, art. V, § 102–156. However, the Supreme Court of Texas recently held in *Powell* that laws of "general applicability" which do not "purport to regulate emergency personnel" are not "laws and ordinances applicable to emergency action" under § 101.055(2). 704 S.W.3d at 451–52 (rationalizing that if laws of general applicability applied, "officers would routinely violate § 101.055(2)" because, for example, "it is likely that an officer in a high-speed chase will fail to 'signal continuously for not less than the last 100 feet' before turning" (citing TEX. TRANSP. CODE ANN. § 545.104(b))).

Gonzalez failed to demonstrate Officer Reyes' alleged failure to comply with laws

8

and ordinances applicable to emergency actions. Therefore, immunity is retained unless Gonzalez can show conscious indifference or recklessness. We sustain the City's issue.

### c. Conscious Indifference or Recklessness

The City argues that Gonzalez failed to establish the City's waiver of immunity under the TTCA because there is no fact issue that Officer Reyes engaged in conscious indifference or reckless disregard for the safety of others. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2). Gonzalez disagrees. He argues that the evidence indicates that Officer Reyes did not activate her lights, her view at the intersection was blocked by a bus, and she has been involved in three prior accidents.[3]

Conscious indifference or reckless disregard involves willful or wanton disregard for the safety of others. *Gomez*, 2025 WL 1716878 at *3. Proof of a "momentary judgment lapse" or "inattentiveness" is not enough. *Id*. In the police immunity context, "we must tread carefully" for certain police work involves "obvious risk of serious injury to bystanders" but is necessary to prevent "even greater danger to the community." *City of San Antonio v. Maspero*, 640 S.W.3d 523, 531–32 (Tex. 2022). As a result, "[l]aw enforcement must retain discretion to assess and balance these risks using reasoned judgment." *Id*. at 532. Thus, we consider whether the officer engaged in "some risk assessment." *Id*.

In *Maspero*, an officer engaged in a police chase through school zones and heavy traffic, reaching speeds of 100 miles per hour. *Id*. at 527. The officer swerved around

---

[3] Gonzalez also argues Officer Reyes failed to reduce her speed or stop prior to entering the intersection. However, the only evidence before us related to Officer Reyes's speed is the dash cam footage which recorded the cruiser's data. And it shows Officer Reyes slowed to four miles per hour.

eighteen wheelers, spun out twice, and had to regain control of her cruiser. *Id*. Thereafter, while attempting to pass a vehicle, she entered oncoming traffic and hit a motorist head on. *Id*. The Supreme Court of Texas held there was no fact issue as to conscious indifference or recklessness because the officer "engaged in some degree of risk assessment" by "slow[ing] down at intersections" and "communicating with her supervisor throughout the pursuit." *Id*. at 532. The Court reasoned: "[t]hese facts do not suggest that [the] Officer['s] actions generated 'extreme risk' beyond that which is inherent in high-speed pursuits." *Id*. (quoting *Tarrant County v. Bonner*, 574 S.W.3d 893, 902 (Tex. 2019)).

In *City of Houston v. Green*, an officer responded to a call with lights on and only intermittent use of his siren. 672 S.W.3d 27, 29 (Tex. 2023). The officer could not recall whether he employed his siren as he attempted to pass through a red light. *Id*. He passed the first few lanes of the intersection and, while traveling around ten to twenty miles per hour, collided with a motorist that travelled behind other motorists that already stopped. *Id*. The Supreme Court of Texas held that the officer was not reckless under § 101.055(2) and noted the following:

> [Plaintiff] provided no evidence to contradict that [the Officer] was responding to a priority-two emergency call involving an armed suspect, that he activated his overhead emergency lights, that he averaged 35 to 40 miles per hour, that he at least slowed his speed (if not stopped) before proceeding through each intersection, that he intermittently activated his audible siren, that other vehicles noticed him and stopped as he proceeded across Richmond Avenue, [and] that those vehicles blocked his view of the lane [Plaintiff] was in . . . .

*Id*. at 31.

In *Powell*, two officers in separate cruisers responded to a welfare check and heard shots fired. 704 S.W.3d at 446. While pursuing a suspect car leaving the location of the

10

shots, the leading officer slowed to make a turn, and the following officer was unable to slow down in time, colliding with the leading cruiser and causing the officers to lose control of their cruisers. *Id*. One cruiser impacted a car stopped at a stop sign. *Id.* The crash report cited the following officer's inattention and failure to control speed as contributing causes of the accident. *Id*. However, the Supreme Court of Texas held that the officer was not reckless under § 101.055(2) and noted the "[the Officer's] receipt of permission to begin pursuit, his frequent contact with his superiors, as well as his use of lights and siren are all useful evidence supporting the conclusion that he did not act recklessly." *Id*. at 462.[4]

In *Gomez*, an officer was dispatched to an emergency call during moderate traffic and heavy rain. 2025 WL 1716878 at *1. While responding, the officer did not turn on his siren, and evidence was disputed as to whether he turned on his emergency lights. *Id*. As the officer approached an intersection, he reached down to adjust the volume on his radio. *Id*. When he looked up, he noticed the light changed to yellow and attempted to stop. *Id*. However, his patrol car slid through the intersection and hit a motorist. *Id*. The officer was reprimanded by his department and found at fault. *Id*. The Supreme Court of Texas held that the officer was not reckless under § 101.055(2) and explained as follows:

> [While the officer's reaching] down to adjust his radio suggests that he might have momentarily acted without due care . . . establishing a failure to exercise due care does not establish reckless disregard of the safety of others. At worst, [the Officer's] actions can be characterized as a momentary lapse of judgment or inattentiveness, not willful or wanton disregard for the safety of his fellow Houston motorists.

---

[4] The Supreme Court of Texas recognized that immunity is necessary to prevent deterring conduct that may be necessary to protect the public but opined a different regime may be in the best interest of the State to ameliorate the harsh results sometimes borne by faultless parties. *Powell,* 704 S.W.3d at 462. The Court nevertheless stated these are policy decisions or "undertakings for the Legislature." *Id*.

*Id*. at 4.

Here, Gonzalez argues Officer Reyes was reckless because (1) her emergency lights were not on, (2) she crossed an intersection when her view was obstructed by motorists, and (3) Officer Reyes was involved in three prior accidents. The first two assertions were found insufficient to generate fact issues as to recklessness or conscious indifference by the Supreme Court of Texas—not to mention that the uncontroverted evidence shows Officer Reyes activated her emergency lights. And regarding the third assertion, proof that Officer Reyes may have been negligent in past incidents does not prove that Officer Reyes was reckless in the incident for which Gonzalez seeks recovery. *See Ambrosio v. Carter's Shooting Ctr., Inc.,* 20 S.W.3d 262, 265 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("To prevail on a negligence or negligence per se claim, a plaintiff must plead and prove that the defendant's negligence was the proximate cause of his injury."); *Powell*, 704 S.W.3d at 459, 461 ("[T]he mere happening of an accident is no evidence at all of negligence . . . . [m]ere involvement in a collision does not create an inference or conclusion that a driver is incompetent or reckless."); *see also* TEX. R. EVID. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Without more, Gonzalez has failed to present a fact issue concerning conscious indifference and recklessness under § 101.055(2). We sustain the City's issue.

### d. Remedy

At the time of the trial court's decision, the *Powell* case had not been decided and,

thus, it appeared that a no-evidence plea to the jurisdiction was not proper under our Court's precedent. *See*, *e.g.*, *La Joya Indep. Sch. Dist. v. Gonzalez*, 532 S.W.3d 892, 897 (Tex. App.—Corpus Christi–Edinburg 2017, pet. denied) ("a defendant may not advance a 'no-evidence' plea to the jurisdiction"). Given the supreme court's clarification of the law since the trial court's denial of the plea to the jurisdiction, we find the appropriate remedy is to provide a final opportunity for appellee to amend his pleadings and/or present evidence sufficient to create a fact issue. In reconsidering the jurisdictional issues raised by appellant and the opportunity granted to Gonzalez to supplement his response, the trial court should then follow *Powell* and consider whether appellee has met his burden to show a waiver of immunity.

### ii. § 101.062

There is an exception to the government's TTCA immunity waiver related to "a claim against a public agency . . . aris[ing] from an action of an employee of the public agency . . . and inolv[ing] . . . respon[se] to a 9-1-1 emergency call *only if* the action violates a statute or ordinance applicable to the action." TEX. CIV. PRAC. & REM. CODE ANN. § 101.062 (emphasis added). The City argues this waiver applies. However, the City raised this exception for the first time on appeal. Appellee was never provided an opportunity to re-plead and/or present new evidence in response. And while Appellee carried the burden to plead and prove a waiver of immunity—including negation of exceptions to waiver—this burden does not require "march[ing] through the Act provision by provision." *Rattray v. City of Brownsville*, 662 S.W.3d 860, 867 (Tex. 2023). Rather, the government has a role in "identifying" and "raising" applicable TTCA exceptions. *Id*.

13

at 868 (explaining "if the plaintiff omits or otherwise fails to negate a relevant exception to the waiver, the defendant should speak up."); *Powell*, 704 S.W.3d at 447 (explaining that "the parties' burdens will depend on the nature of the plaintiff's claim and *how the government poses its jurisdictional challenge*." (emphasis added)). Thus, Appellee must be provided an opportunity to adjust its litigatory posture through pleading and presentation of evidence in response to the City's newly raised immunity waiver theory. Therefore, we reject the City's issue.

### III. CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court and remand the case for further proceedings consistent with the opinion.

JON WEST
Justice

Delivered and filed on the
7th day of August, 2025.